1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Amar L. Thakur (Bar No. 194025)
2      amarthakur@quinnemanuel.com
       Bruce Zisser (Bar No. 180607)
3      brucezisser@quinnemanuel.com
       Viola Trebicka(Bar No. 269526)
4      violatrebicka@quinnemanuel.com
       Miles D. Freeman (Bar No. 299302)
5      milesfreeman@quinnemanuel.com
6      865 S. Figueroa St., 10ᵗʰ Floor
       Los Angeles, CA 90017
7      Phone:  (213) 443-3000
8      Fax:  (213) 443-3100

9

10  *Attorneys for Plaintiff CliniComp International, Inc.*

11

12                UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15  CLINICOMP INTERNATIONAL,          Case No. **'17 CV2479 GPC BLM**
    INC.,
16
                      Plaintiff,       **COMPLAINT FOR PATENT
17                                     INFRINGEMENT**
             vs.
18                                     **DEMAND FOR JURY TRIAL**
    CERNER CORPORATION,
19
                      Defendant.
20

21

22

23

24

25

26

27

28

# COMPLAINT

Plaintiff CliniComp International, Inc. ("CliniComp") hereby submits its Complaint against Defendant Cerner Corporation ("Cerner") and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.      The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,665,647 (the "'647 patent"), entitled "Enterprise Healthcare Management System and Method of Using Same," on December 16, 2003. CliniComp is the legal owner of the '647 patent by assignment.  A true and correct copy of the '647 patent is attached hereto as **Exhibit A**.

3.      Cerner has infringed and continues to infringe one or more claims of the '647 patent.  CliniComp seeks, among other things, monetary damages and injunctive relief.

## THE PARTIES

4.      Plaintiff CliniComp is a corporation organized and existing under the laws of  the State of Delaware with its principal place of business at 9655 Towne Centre Drive, San Diego, CA 92121.

5.      Upon information and belief, Defendant Cerner is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2800 Rockcreek Parkway, Kansas City, MO 64117.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over CliniComp's claims for patent infringement pursuant to the 28 U.S.C. §§ 1331 and 1338(a).

7.      Upon information and belief, this Court has personal jurisdiction over Cerner in this action because Cerner has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Cerner would not offend traditional notions of fair

COMPLAINT FOR PATENT INFRINGEMENT

play and substantial justice. Cerner has committed and induced acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through at least its sales and offers for sale of Cerner products and/or services in this District and, on information and belief, leases office space in this District.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) at least because Cerner has committed acts of infringement in this District and has a regular and established place of business in this District.  On information and belief, Cerner employs many people in this District, including at least at the Cerner ITWorks site at Palomar Medical Center in Escondido, CA.

## FACTUAL ALLEGATIONS

### A.     CliniComp

CliniComp is a privately-held, San Diego-based company that develops Electronic Health Record (EHR) and other information technology (IT) solutions for hospitals, integrated delivery networks, academic medical centers, and other acute care providers in the United States and abroad.  CliniComp pioneered the integration of computer-based clinical documentation and medical devices almost three decades ago.  Today, the CliniComp EHR system is deployed in leading private, military, and veterans health care facilities, including in 56 Military Treatment Facilities and more than 40 VA health care facilities, supporting safer and more efficient patient care.

### B.     CliniComp Technology

9.     Healthcare enterprises, which can include, for example, "hospitals, clinics, physician groups, or even Health Maintenance Organizations (HMOs)" can be very large organizations consisting of many different facilities and supporting hundreds of doctors. '647 patent at 1:31-35.  These enterprises are under pressure to operate efficiently while maintaining and improving the quality of patient care, which requires access to accurate and complete information regarding the various

-3-

1   functions of the enterprise.  To manage such information, healthcare enterprises

2   often rely on an IT infrastructure of networked computers and applications that

3   provide, for example, clinical information for day-to-day patient management,

4   financial and administrative applications, pharmacy management as well as EHR

5   management.

6        10.    Historically, healthcare enterprises operated their own IT infrastructure.

7   As the needs of the enterprise increased, these systems would be expanded to

8   include the applications and computer resources necessary to meet the growing

9   needs of the enterprise.  This IT infrastructure was expensive to build and expensive

10  to maintain but even more expensive to upgrade.  As technology advanced and the

11  healthcare enterprise faced pressure to improve the capabilities of its system, the

12  healthcare enterprise would face the dilemma of needing to upgrade its systems in

13  order to remain viable and competitive but not having the significant resources

14  needed to do so.  A major upgrade to an IT infrastructure required both a financial

15  investment as well as a significant investment of time and human resources.

16  Advanced planning, a lengthy approval cycle, and rigorous testing requirements all

17  add to the expense and the risk of a major IT infrastructure upgrade.   An enterprise

18  unable or unwilling to endure such a process will forgo the upgrade at the risk of

19  falling further behind in its ability to provide healthcare services at expected and

20  competitive levels.

21       11.    In 1999, Chris Haudenschild, the named inventor of the '647 patent and

22  sole founder of CliniComp, recognized the challenge facing healthcare enterprises

23  and conceived of a system that would take advantage of the emerging power of the

24  Internet to solve the IT infrastructure dilemma.  Rather than have each healthcare

25  enterprise host its own IT infrastructure and be saddled with the burden of

26  maintaining and upgrading that infrastructure, Haudenschild envisioned a system

27  where the primary components of the IT infrastructure, such as application servers

28  and databases, would be hosted remote from the healthcare enterprise in a manner

-4-

that would allow at least some of these resources to be shared by different healthcare enterprises. In this way, a healthcare enterprise could avoid the capital investment necessary to acquire and maintain its own IT infrastructure and also benefit from the ability to upgrade existing capabilities and even add new functionality without the cost and risk associated with doing the same for an in-house system.

12. Haudenschild, however, needed to consider other factors that would be important to any healthcare enterprise upgrading to a remotely hosted system. In the transition from an in-house to a remotely hosted IT infrastructure a healthcare enterprise would need to ensure that it maintained access to its legacy data and, possibly even certain legacy systems. For example, while it may make sense to remotely host clinical care and pharmacy applications, it might also make sense for the enterprise to maintain its legacy accounting system in house. The remote system, therefore, must be capable of also storing data from the legacy system and making that data available to system-wide queries. The data must also, however, be protected. One advantage of the remotely hosted IT infrastructure is the ability of multiple healthcare enterprises to share resources, but this does not mean sharing data. To protect the integrity of each individual healthcare enterprise and the privacy of its employees and patients, data from one healthcare enterprises must not be accessible by another healthcare enterprise.

**C.    Cerner**

13. Cerner is a healthcare information technology company providing healthcare related IT services that support the clinical, financial and operational needs of organizations of all sizes. Many of Cerner's solutions are offered on the Cerner Millennium architecture, which is a computing framework that includes integrated clinical, financial and management information systems. The Millennium architecture allows providers to securely access an individual's electronic health record at the point of care and organizes and delivers information to meet the specific needs of all involved, from physicians to back-office professionals. Cerner

-5-

offers remote hosting services for its Millennium architecture, providing its customers with a cloud-based solution for healthcare applications and data.

## FIRST CAUSE OF ACTION

### Infringement of Patent No. 6,665,647

14.    CliniComp incorporates the foregoing paragraphs as though fully set forth herein.

15.    Cerner has directly infringed, and continues to directly infringe, one or more claims of the '647 patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271, by making, using, selling, and/or offering to sell within the United States, without authority, its hosting and monitoring services, including at least its Remote Hosting Option (RHO), its Enterprise Solution Hosting (eHosting), and its Enterprise Cloud Services, including as these services are used with the Cener Millennium architecture ("Accused Services").

16.    As just one non-limiting example, set forth below (with claim language in italics) is a description of the infringement of exemplary claim 1 of the '647 patent in connection with the Accused Services.  CliniComp reserves the right to modify this description, including, for example, on the basis of information about the Accused Services that it obtains during discovery:

*1. A method of operating an enterprise healthcare management system for a first healthcare enterprise facility and a second healthcare enterprise facility independent of the first healthcare enterprise facility, comprising:*  To the extent the preamble is limiting, through its Accused Services, Cerner operates an enterprise healthcare management system for two or more independent healthcare enterprise facilities.

[1a] *establishing a first secure communication channel via a public network between an application server and a first end user device in the first enterprise facility and establishing a second secure communication channel via the public network between the application server and a second end user device in the second*

1    *enterprise facility, the application server remotely hosting a healthcare application*
2    *and having a database;* On information and belief, as part of providing the Accused
3    Services, Cerner uses the Internet to establish secure communication channels
4    between user devices at client healthcare enterprise facilities remotely hosted
5    application servers, which host both a healthcare application and a database.  *See*
6    https://www.cerner.com/solutions/hosting-monitoring.

7         [1b] *receiving first healthcare data from the first end user and second*
8    *healthcare data from the second end user;* On information and belief, the remotely
9    hosted application servers receive healthcare data from end users, *e.g.*, employees at
10   the supported enterprise healthcare facilities utilizing the remotely hosted
11   applications.

12        [1c] *processing the first healthcare data and the second healthcare data with*
13   *the healthcare application;* On information and belief, the remotely hosted
14   application servers host at least one healthcare application that processes healthcare
15   data provided by end users.  *See*

16
17
18
19
20
21
22
23
24
25
26
27



http://www.cerner.com/page.aspx?pageid=17179878253.

28

COMPLAINT FOR PATENT INFRINGEMENT

1    [1d] *storing the processed first healthcare data in a first portion of the*
2    *database associated with the first healthcare enterprise facility and storing the*
3    *processed second healthcare data in a second portion of the database associated*
4    *with the second healthcare enterprise facility;* Cerner's Accused Services collect
5    data from multiple healthcare enterprise facilities.  On information and belief, to
6    comply with patient privacy and other requirements, data from different healthcare
7    enterprise facilities must be stored in different portions of the database.

8    [1e] *configuring the database to accept legacy information derived from a*
9    *legacy application operating at each of the first and second healthcare enterprise*
10   *facilities, wherein the functions in the healthcare application are not duplicative of*
11   *the legacy application; and* On information and belief, when providing the Accused
12   Services, Cerner configures remotely hosted databases to accept legacy information
13   from legacy applications operating at the connected healthcare enterprise facilities,
14   where the functions of the remotely hosted applications are not duplicative of the
15   legacy applications.

16   [1f] *generating a query to extract information from the database relevant to a*
17   *respective one of the first and second healthcare enterprise facilities derived from*
18   *the healthcare data and the legacy information for managing and tracking a*
19   *performance of the respective one of the first and second healthcare enterprise*
20   *facilities,* On information and belief, Cerner's remotely hosted system will, in
21   response to a user request, generate a query in order to extract information from the
22   relevant portion of the database, *i.e.*, that portion containing data for the enterprise
23   healthcare facility with which the user is associated, that can be used to manage and
24   track performance of the relevant enterprise healthcare facility.  The relevant portion
25   of the database will include data derived from the remote healthcare applications as
26   well as the legacy information.

27   [1g] *wherein healthcare data in the first portion of the database is only*
28   *accessible to the first end user device and healthcare data in the second portion of*

-8-

*the database is only accessible to the second end user device.* On information and belief, to comply with patient privacy and other requirements, an enterprise healthcare facility will only have access to its data from its portion of the database.

17.    Cerner has actual knowledge of CliniComp's rights in the '647 patent and details of Cerner's infringement of the '647 patent based on at least the filing of this Complaint and, based on that knowledge, is also indirectly infringing the '647 patent.

18.    Cerner manufactures, uses, offers for sale, and/or sells the Accused Services with knowledge of or willful blindness to the fact that its actions will induce Cerner's customers and others to infringe the '647 patent by at least using those services.

19.    Cerner actively and knowingly induces its customers and end users to infringe the '647 patent by publishing information promoting the Accused Services. *See, e.g.,* https://www.cerner.com/solutions/hosting-monitoring; and http://www.cerner.com/page.aspx?pageid=17179878253.

20.    From at least the filing of this complaint Cerner's infringement of the '647 patent has been and continues to be willful, entitling CliniComp to enhanced damages in accordance with 35 U.S.C. § 284.

21.    As the direct and proximate result of Cerner's conduct, CliniComp has suffered and, if Cerner's conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because CliniComp's remedy at law is inadequate, CliniComp seeks, in addition to damages, preliminary and permanent injunctive relief. CliniComp's business operates in a competitive market and it will continue suffering irreparable harm absent injunctive relief.

22.    CliniComp is entitled to injunctive relief and damages of no less than a reasonable royalty in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

COMPLAINT FOR PATENT INFRINGEMENT

23.     Cerner's infringement of the '647 patent is exceptional and entitles CliniComp to attorneys' fees and costs under 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff CliniComp respectfully requests the following relief:

A.     Judgment in CliniComp's favor and against Cerner on all causes of action alleged herein;

B.     An award of damages to CliniComp in an amount to be further proven at trial;

C.     Preliminary and permanent injunctive relief against Cerner;

D.     A finding that this case is exceptional under 35 U.S.C. § 285 and that CliniComp be awarded its attorneys' fees;

E.     An award of treble damages to CliniComp as a result of Cerner's willful infringement;

F.     An award of prejudgment and post-judgment interest, costs and other expenses; and

G.     Such other and further relief as the Court may deem to be just and proper.

///

///

COMPLAINT FOR PATENT INFRINGEMENT

1

2

DATED: December 11, 2017

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Amar L. Thakur*

Amar L. Thakur
amarthakur@quinnemanuel.com
Bruce Zisser
brucezisser@quinnemanuel.com
Viola Trebicka
violatrebicka@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone:  (213) 443-3000
Fax:  (213) 443-3100

*Attorneys for Plaintiff CliniComp*
*International, Inc.*

-11-

# **DEMAND FOR JURY TRIAL**

Plaintiff CliniComp hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

DATED:  December 8, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Amar L. Thakur*

Amar L. Thakur
amarthakur@quinnemanuel.com
Bruce Zisser
brucezisser@quinnemanuel.com
Viola Trebicka
violatrebicka@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone:  (213) 443-3000
Fax:  (213) 443-3100

*Attorneys for Plaintiff CliniComp
International, Inc..*