UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., | Case No.: 17cv2479-GPC(BLM) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| CERNER CORPORATION , | |
| Defendant. | **[Dkt. No. 8.]** |

Defendant filed a motion for dismiss to dismiss certain claims in the complaint alleging patent infringement. (Dkt. No. 8.)  Plaintiff filed an opposition, and Defendant filed a reply. (Dkt. Nos. 15, 16.)   The Court exercises its discretion and decides the motion without oral argument pursuant to Local Civil Rule 7.1(d)(1).  Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

## Background

On December 11, 2017, Plaintiff Clinicomp International, Inc. ("Plaintiff"), as the owner of U.S. Patent No. 6,665,647 ("the '647 patent") entitled "Enterprise Healthcare Management System and Method of Using Same", filed a complaint against Defendant

1

Cerner Corporation ("Defendant") alleging claims for willful patent infringement, direct patent infringement, indirect patent infringement or induced infringement and seeking equitable relief, enhanced damages, and a finding of exceptionality. (Dkt. No. 1.) The '647 patent was filed on June 30, 1999 and issued on December 16, 2003. (Dkt. No. 1-2 at 1.) The '647 patent specifies that it is a continuation-in-part of Application No. 08/977,522 ("the '522 application") which was filed on November 24, 1997 and issued as Patent No. 6,401,072 ("the '072 patent") on June 4, 2002. (Dkt. Nos. 8-3, 8-6, 8-12, D's RJN, Exs. 1, 4, 10.) The '522 application was itself a continuation of Application No. 08/396,004 ("the '004 application") which was filed on February 28, 1995. (Dkt. Nos. 8-7, 8-8, 8-9, D's RJN, Exs. 5, 6, 10.) The '004 Application was eventually abandoned on March 27, 1998 for failure to respond to an Office Action. (Dkt. No. 8-12, D's RJN, Ex. 10); see https://portal.uspto.gov/pair/PublicPair (last visited May 10, 2018). The complaint alleges that Defendant infringed the '647 patent and obtained actual knowledge of the '647 patent as of the filing of the complaint. (Dkt. No. 1, Compl. ¶¶ 17-20.)

Defendant moves to dismiss the claims for willful patent infringement, indirect patent infringement as well as equitable relief, enhanced damages and a finding of exceptionality arguing that the '647 patent expired on February 28, 2015, two years prior to the filing of the complaint.[1] Defendant summarily argues that Plaintiff claimed priority under 35 U.S.C. § 120 to a grandparent application with an earliest effective filing date of February 28, 1995. Therefore, as a matter of law, the '647 patent expired on February 28, 2015, which is 20 years after the earliest effective filed application. However, there are two separate issues in this case. The first issue is whether the patent term of the '647 patent starts on the specifically referenced and earlier filed '522

---

[1] Defendant does not move to dismiss the direct infringement claim. (Dkt. No. 8-1, Ds' Mot. at 8 n. 1.)

Application's filing date of November 24, 1997, and the second issue is whether the '647 patent can obtain the benefit of the grandparent '004 patent application's filing date of February 28, 1995 even though the '004 application is not specifically referenced in the prosecution of the '647 patent.  The Court addresses each issue separately.

## Discussion

**A.    Federal Rule of Civil Procedure 12(b)(b)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the

complaint, and draws all reasonable inferences in favor of the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B.   Request for Judicial Notice**

Defendant requests judicial notice of ten documents comprising the prosecution history of the '647 and '072 patents.  (Dkt. No. 8-13, D's RJN.)  Plaintiff does not dispute the request.

Courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Records from the United States Patent and Trademark Office ("USPTO") may be judicially noticed.  See Hoganas AB v. Dresser Indus., Inc., 9 F.3d 948, 954 n. 27 (Fed. Cir. 1993).  Accordingly, the Court GRANTS Defendant's unopposed request for judicial notice.

**C.   '647 Patent Term Based on Specific Reference to Earlier Filed '522 Application's Filing Date**

According to Defendant, because the '647 patent expired at a minimum on November 24, 2017, based on the specific reference to the '522 Application, it cannot be liable for willful and indirect infringement.  Plaintiff opposes arguing that a determination whether '647 patent term has expired is a complex question of fact not appropriate on a motion to dismiss.

When a patent expires, it cannot be infringed.  Kearns v. Chrysler Corp., 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."); Sears, Roebuck & Co. v. Stiffel, Co., 376 U.S. 225, 230 (1964) ("when the patent expires the monopoly created by it expires, too, and the right to make the article—including the right to make it in precisely the shape it carried when patented-passes to the public.").

17cv2479-GPC(BLM)

A party who actively induces infringement is liable as an infringer.  35 U.S.C. § 271(b).  Induced infringement as well as willful infringement require Defendant to have knowledge of the infringement prior to the patent's expiration.  See In re Bill of Lading Transmission and Processing System Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012) (To survive a motion to dismiss an induced infringement claim, Plaintiff must allege "facts plausibly showing that [the defendant] specifically intended their customers to infringe the [patent at issue] and knew that the customer's acts constituted infringement."); Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1928 (2016) (as to willful infringement, a plaintiff must allege facts plausibly demonstrating the infringement was "either known or so obvious that it should have been known to the accused infringer.").  The complaint alleges that Defendant infringed the '647 patent and obtained actual knowledge of the '647 patent as of the filing of the complaint.  (Dkt. No. 1, Compl. ¶¶ 17-20.)  Therefore, in both claims, Plaintiff must plead facts that Defendant had knowledge of the patent prior to the patent's expiration date.

The term of a patent is 20 years and the starting point is calculated as follows:

(2) Term.--Subject to the payment of fees under this title, such grant shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States or, **if the application contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c) from the date on which the earliest such application was filed.**

35 U.S.C. § 154(a)(2) (emphasis added).  Here, the parties agree that the '647 patent specifically references an earlier filed application, the '522 application, under 35 U.S.C. § 120.  35 U.S.C. § 120 provides,

 An application for patent for an invention disclosed in the manner provided by section 112(a) (other than the requirement to disclose the best mode) in an application previously filed in the United States, or as provided by section 363 or 385, which names an inventor or joint inventor in the previously filed application shall have the same effect, as to such invention, as though filed

5

1
2
3
4

> on the date of the prior application, if filed before the patenting or
> abandonment of or termination of proceedings on the first application or on
> an application similarly entitled to the benefit of the filing date of the first
> application and if it contains or is amended to contain a specific reference to
> the earlier filed application.

5   35 U.S.C. § 120.

6   Both parties agree that the '647 patent term ends 20 years after the "earliest

7   effective filing date." (Dkt. No. 8-1 at 14-15[2]; Dkt. No. 15 at 5.) Defendant asserts that

8   because the '647 patent is a continuation–in-part of the '522 application, its filing date of

9   November 24, 1997 applies. Plaintiff argues that at this stage of the proceedings, it

10  would be improper to grant a motion to dismiss without discovery to determine whether

11  the written description and enablement requirements of § 112(a) are satisfied as provided

12  for in 35 U.S.C. § 120.

13  As referenced in 35 U.S.C. § 154(a)(2), section 120 addresses "continuing

14  applications", section 121 addresses "divisional applications" and section 365(c)

15  concerns the Patent Cooperation Treaty ("PCT") applications that "designate the United

16  States and allows a national U.S. application to claim the benefit of a prior PCT

17  international application designating the United States." Donald S. Chisum, 5 Chisum on

18  Patents § 16.04[6][b] (2016).

19
20
21
22
23
24

> A continuation application is one that is filed during the pendency of an
> application previously filed by the same inventor, called the original or
> "parent" application, and which discloses and claims only subject matter
> disclosed and claimed in the original or parent application. A continuation-
> in-part application, on the other hand, is an application that is filed during
> the pendency of the original or parent application of the same inventor,
> disclosing and claiming some subject matter common to the parent
> application, as well as some subject matter not common to and not supported
> by the parent.

25
26
27  [2] Page numbers are based on the CM/ECF pagination.

28

6

Reynolds Metals Co. v. Continental Grp., Inc., 525 F. Supp. 950, 970 (N.D. Ill. 1981). "A divisional application is defined as '[a] later application for an independent or distinct invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application . . . ." Pfizer, Inc. v. Teva Pharms. USA, Inc., 518 F.3d 1353, 1360 (Fed. Cir. 2008) (quoting Manual of Patent Examining Procedure ("MPEP") § 201.06).

The issue at dispute is whether under 35 U.S.C. § 154(a)(2)[3], the 20 year period begins simply on the date of the earliest filed application mentioned in the patent at issue without regard to whether the written description requirement of 35 U.S.C. § 112 has been met.

Defendant argues that 35 U.S.C. § 154(a)(2) requires the Court only look at whether the patent at issue references a prior application, and if so, then that prior application's filing date controls, irrespective of whether the prior application is a continuation, continuation-in-part ("CIP") or divisional application since § 154 does not distinguish between different types of applications.[4] Plaintiff contends that for a CIP application, a determination under 35 U.S.C. § 112(a) is first required before the Court can make a determination of the earliest effective filing date. Plaintiff maintains that a patent term is not independent of its entitlement to priority and must be considered

---

[3] The parties do not dispute that the other requirements, such as naming the inventor and filing the application before the patenting or abandonment or termination of proceedings on the first application, of 35 U.S.C § 120 have been met.

[4] Defendant also cites to Guarantee Ins. Trust & Safe-Deposit Co. v. Seller, 123 U.S. 276, 283 (1887) arguing the Court rejected a claim-by-claim term analysis. Id. The Court stated, "[a] patent cannot be exempted from the operation of the law by adding some new improvements to the invention; and cannot be construed as running partly from one date, and partly from another. This would be productive of endless confusion." Id. The Court declines to give Guarantee Ins.Trust much weight as patent law has changed over the years, including amendments made by the Uruguay Round Agreements Act ("URAA") in 1994.

7

together.  In reply, Defendant argues that patent terms and entitlement to priority are two distinct issues and analyses and Plaintiff improperly conflates the two issues.

In calculating the expiration term of a patent under 35 U.S.C. § 154(a)(2), the Federal Circuit has held that for divisional applications where the patent at issue claims priority of an earlier filed application, the patent expires 20 years from the date of the earlier filed application.  Abbott Labs. v. Novopharm Ltd., 104 F.3d 1305, 1307-08 (Fed. Cir. 1997) (granting motion to dismiss based on the patent expiration date of 20 years from the filing date of the parent application even though the applicant received no benefit from the divisional application); Mohsenzadeh v. Lee, 5 F. Supp. 3d 791, 794 (D. Va. 2014) ("when a divisional application results in a patent, its twenty year term is measured from the filing date of the parent patent application.").  However, the parties have not cited and the Court has not discovered any cases that have addressed whether a continuation-in-part application expires 20 years from the date of the earlier filed application that is referenced in the patent at issue even though it may contain new subject matter.

Treatises, and the Patent and Trademark Office seem to suggest that a continuation-in-part application's expiration date should be measured simply from the filing date of the earlier referenced application.  See 1 Moy's Walker on Patents § 11:22 (4th ed. 2003-date) ("Instead, the entire patent that issues from the continuation-in-part application will receive a base term that expires at 20 years from the filing date of the earlier application."); Robert A. Matthews, Jr., Annotated Patent Digest § 9:18 (2005-date) ("It is not clear from the language in the statute, the effect on the patent term of a patent issuing from a continuation-in-part application on the new matter that was not entitled to claim the benefit of the earlier filing date of the parent application. However, the language of 35 U.S.C.A. § 154(a)(2) implies that any patent that claims a specific reference to an earlier filed application will be bound by the application date of the prior

1  reference and, therefore, there may be no special treatment for new matter contained in a

2  continuation-in-part application."); Donald S. Chisum, 5 Chism on Patents § 16.04[6][b]

3  (2016) (citing Changes to Implement 20-Year Patent Term and Provisional Applications,

4  60 Fed. Reg. 20195-01, 20206 (Apr. 25, 1995)) ("Section 154 measures patent term from

5  the "earliest" prior application if, but only if, the application on which the patent issues

6  contains a 'specific reference' to it.  If an applicant has filed a series of continuing

7  applications, the applicant must decide which prior applications should be referred to.

8  For example if the earliest application in a series does not contain sufficient disclosure

9  support for any claim in a current application, the applicant would unnecessarily sacrifice

10 patent term by referring to the earliest application.").

11      The USPTO also addressed a comment concerning the 20 year term in relation to a

12 CIP application.

13      Comment: One comment suggested that the 20-year patent term of claims
        drawn to new matter in continuation-in-part (CIP) applications be measured
14      from the filing date of the CIP application, irrespective of any reference to a
        parent application under 35 U.S.C. 120.
15

16      Response: The suggestion has not been adopted. The term of a patent is not
        based on a claim-by-claim approach. Under 35 U.S.C. § 154(a)(2), if an
17      application claims the benefit of the filing date of an earlier filed application
        under 35 U.S.C. §§ 120, 121 or 365(a), the 20-year term of that application
18      will be based upon the filing date of the earliest U.S. application that the
        application makes reference to under 35 U.S.C. §§ 120, 121 or 365(a). For a
19      CIP application, applicant should review whether any claim in the patent
        that will issue is supported in an earlier application. If not, applicant should
20      consider canceling the reference to the earlier filed application.
21

22

23 Patent and Trademark Office, Changes To Implement 20-Year Patent Term and

24 Provisional Applications, 60 Fed. Reg. 20195, 20205 (April 25, 1995).

25      Moreover, the USPTO addressed the issue in a petition that was filed with the

26 Commissioner for Patents.  In re Application of: Donald Weder, 2004 WL 5293044

27

28

17cv2479-GPC(BLM)

1   (U.S.P.T.O. Aug. 30, 2004.) Relying on <u>Abbott Labs.</u> and the USPTO Response to

2   Comment in the Federal Register, the Commissioner noted that the '380 patent, at issue,

3   contained a specific reference to the'080 application filed on May 22, 1984; therefore, the

4   Commissioner determined that the term of the '380 patent began from May 22, 1984, the

5   filing date of the prior filed '080 application. <u>Id.</u> at *2. The Commissioner rejected

6   Petitioner's argument that the '380 patent was entitled to a 20 year term from the

7   "priority date that is necessary for patentability" as "not correct." <u>Id.</u> at *3. The

8   Commissioner determined that there "is no nexus between patent term under 35 U.S.C.

9   [§] 154(a)(2) and the priority date that is necessary for patentability: (1) the patent term

10  set forth in 35 U.S.C. § 154(a) is measured from the earliest application to which there is

11  a specific reference under 35 U.S.C. § 120, 121, or 365(c), regardless of whether the

12  filing date of such application is necessary for patentability (35 U.S.C. [§] 154(a)(2)) . . .

13  ." <u>Id.</u> The Commissioner explained that 35 U.S.C. § 154(a)(2) does not distinguish

14  between continuation, CIP or divisional applications, and that the Administrative Action

15  Statements made in conjunction with the Uruguay Round Agreements Act ("URAA")[5],

16  Public Law 103-465, 108 Stat. 4809 (1994) indicates that the twenty-year period is

17  measured from the date of the earliest application that is claimed under 35 U.S.C. §§ 120,

18  121 or 365(c). <u>Id.</u> The Statement of Administrative Action to the Uruguay Round

19  Agreements Act explained that "[i]f priority to an earlier application or applications is

20  **claimed** under sections 120, 121, or 365(c) of Title 35, the 20-year period is measured

21  from the date of the earliest of such applications." H.R. Doc. No. 103-316 (1994),

22  <u>reprinted in</u> 1994 U.S.C.C.A.N. 4040, 4295 (emphasis added).

23

24  ─────────────────

25  [5] The Uruguay Round Agreements Act of 1994, which became effective on June 8, 1995, changed the

26  term for a U.S. patent from seventeen years from the patent issue date to twenty years from the earliest
    effective filing date. <u>See</u> Uruguay Round Agreements Act, Pub. L. No. 103–465, § 532(a), 108 Stat.

27  4809, 4983–85 (1994).

28                                   17cv2479-GPC(BLM)

1    Finally, a district court in the Northern District of Illinois also held a patent

2 application that referenced an earlier filed application was bound by the earlier filing date

3 of the earlier application although it was not clear whether the earlier filed application

4 was a continuation, CIP or divisional application.  Biopolymerengineering, Inc. v.

5 Biorgin, 599 F. Supp. 2d 965, 968 (N.D. Ill. 2009) (noting there is a "total absence of

6 ambiguity" as to section 154(a)(2) and that section "frames the standard.").

7    Based on these authorities, it appears that 35 U.S.C. § 154(a)(2) only requires that

8 the patent application claim priority under section 120, not that priority has to be

9 demonstrated.  See Abbvie Inc. v. Mathilda and Terence Kennedy Inst. of Rheumatology

10 Trust, 764 F.3d 1366, 1373 (Fed. Cir. 2014) (the patent term is "measured from the

11 earliest *claimed* priority date.") (emphasis added).

12    In response, Plaintiff argues that section 120 requires a factual inquiry by the court

13 on whether the patent is "disclosed in the manner provided by section 112(a) . . . in an

14 application previously filed."  35 U.S.C. § 120.  In order to be entitled to a filing date

15 based on an earlier filed application, section 120 requires that the earlier filed application

16 satisfy the "written description" and "enablement" requirements of section 112(a).

17 Further because this case involved a CIP application which is described as "an

18 application that is filed during the pendency of the original or parent application of the

19 same inventor, disclosing and claiming some subject matter common to the parent

20 application, as well as some subject matter not common to and not supported by the

21 parent", see Reynolds Metals Co., 525 F. Supp. at 970, it must demonstrate compliance

22 with 35 U.S.C. § 120 in order to obtain the filing date of an earlier filed application.

23    In support, Plaintiff cites to cases where the Federal Circuit addressed the

24 distinction of CIP applications to prove entitlement to claim priority to an earlier filing

25 date for purposes of invalidity but do not address CIP applications in connection with

26 expiration of the patent term.  See PowerOasis, Inc. v. T–Mobile USA, Inc., 522 F.3d

27

28

17cv2479-GPC(BLM)

1299, 1304 (Fed. Cir. 2008) (a continuation-in-part application is one "containing a portion or all of the disclosure of an earlier application together with added matter not present in that earlier application . . . the quintessential difference between a continuation and a continuation-in-part is the addition of new matter"); Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co., 112 F.3d 1561, 1564 (Fed. Cir. 1997) (To qualify for an earlier filing date, section 120 requires that the earlier-filed U.S. patent application contain a disclosure which complies with 35 U.S.C. § 112 for each claim in the newly filed application. Thus, this benefit only applies to claims that recite subject matter adequately described in an earlier application, and does not extend to claims with subject matter outside the description in the earlier application.); Augustine Med., Inc. v. Gaymar Indus., 181 F.3d 1291, 1302 (Fed. Cir. 1999) ("A CIP application contains subject matter from a prior application and may also contain additional matter not disclosed in the prior application . . . . Different claims of such an application may therefore receive different effective filing dates. . . Subject matter that arises for the first time in [a] CIP application does not receive the benefit of the filing date of the parent application.").  These cases demonstrate that a factual inquiry is necessary to determine whether a patent is entitled to the benefit of an earlier filing date from a parent application in determining priority under 35 U.S.C. § 120.  However, they do not address the expiration term of a patent under 35 U.S.C. § 154(a)(2).

Based on the Court's review of the authorities addressed above and Plaintiff's failure to provide legal authority to support its position that a patent term and entitlement to priority must be considered together, the Court concludes that claiming priority under 35 U.S.C. § 120 is distinct from the determining the expiration of a patent term under 35 U.S.C. § 154(a)(2).  See e.g., Broadcast Innovations LLC v. Charter Communs., Inc., 420 F.3d 1364, 1367 (Fed. Cir. 2005) (distinguishing between patent's priority date under 35

1   U.S.C. § 120 and term calculation date under 35 U.S.C. § 154(a)(2) although priority date

2   and term calculation dates were the same).

3        35 U.S.C. § 154(a)(2) addresses the expiration of a patent term which states that

4   when a patent application, the '647 patent, contains a specific reference to an earlier filed

5   application, the '522 application, under section 120, concerning a continuation-in-part

6   application, the term commences from the date of the earlier filed application, November

7   24, 1997.  Therefore, under 35 U.S.C. § 154(a)(2), the Court concludes that the '647

8   patent expired on November 24, 1997.  Because the '647 patent expired on November 24,

9   2017, about two weeks prior to the filing of the complaint, which was filed on December

10  11, 2017, claims of willful infringement and induced infringement fail and the Court

11  GRANTS Defendant's motion to dismiss these claims.

12  **D.   '647 Patent Term Based on Grandparent '004 Patent Application's Filing**

13       **Date Not Specifically Referenced**

14       Defendant asks the Court to further find that the '647 patent's term began on

15  February 28, 1995, which is the grandparent '004 Application's filing date, and to

16  conclude that the '647 patent expired on February 28, 2015[6] even though the '647 patent

17  does not specifically reference the grandparent '004 patent application.  Plaintiff argues

18  that Defendant's attempt to extend the filing date based on a grandparent patent

19  application that was never specifically referenced in the '647 patent specification is

20  contrary to the statutory language of 35 U.S.C. § 154(a)(2).

21

22         ————————————

23

24  [6] While dismissal of the willful infringement and induced infringement claims is appropriate based on
    the Court's initial conclusion that the '647 patent expired on November 24, 2017, Plaintiffs argue that

25  the Court will necessarily have to decide whether the grandparent '004 Application's filing date should
    be considered to determine the patent term as it will determine key issues, such as the scope of the

26  alleged infringement and potential damages.  (Dkt. No. 15 at 16.)  Therefore, the Court conducts an
    analysis of whether a grandparent patent application's filing date not specifically referenced in the patent

27  at issue can be used to determine the patent term.

28

As stated above, the 20 year term of a patent begins when an application "contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c) from the date on which the earliest such application was filed." 35 U.S.C. § 154(a)(2). The "application filing date will be the earliest filed patent application in the chain on which priority is based." Robert A. Matthews, Jr., Annotated Patent Digest § 9:18 (2005-date) (citing 35 U.S.C. § 154(a)(2)). In this case, priority is based on 35 U.S.C. § 120 which concerns continuation patents.

Under 35 U.S.C. § 120, "a subsequently filed application is entitled to the filing date of an earlier application if: (1) the same invention is disclosed in the earlier application in the manner provided in the first paragraph of 35 U.S.C. § 112; (2) the inventor is the same; (3) the application is filed before the patenting, abandonment or termination of the first application; and, (4) the application contains a specific reference to the earlier filed application." Congoleum Indus., Inc. v. Armstrong Cork Co., 339 F. Supp. 1036, 1056-57 (E.D. Pa. 1972) (citing Technicon Instruments Corp. v. Coleman Instruments, Corp., 385 F.2d 391 (7th Cir. 1967)); see also Encyclopaedia Britannica, Inc. v. Alpine Elecs. of America, Inc., 609 F.3d 1345, 1349-50 (Fed. Cir. 2010) (same). The parties dispute the fourth factor on whether the '647 patent application must contain a specific reference to the grandparent '004 Application.

The '647 patent states it is a continuation-in-part of '522 Application filed on November 24, 1997. (Dkt. No. 1-2 at 1.) The '522 Application states it is a continuation of '004 Application. (Dkt. No. 8-9, D's RJN, Ex. 10.) The parties do not dispute that there is no specific reference to the grandparent '004 Application during the prosecution of the '647 patent.

Defendant cites to Broadcast Innovations LLC to support its argument that the term of a patent is calculated based on the earliest effective U.S. filing date even though the asserted patent did not include a specific reference of that patent. 420 F.3d at 1367.

17cv2479-GPC(BLM)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

In <u>Broadcast Innovations</u>, the '094 patent at issue referenced the '595 patent and the '934 patent in the specification and cover page.  <u>Id.</u>  The relationship between the three patents was as follows: "the '094 patent is a divisional of the '934 patent, which is a continuation of the '595 patent." <u>Id.</u> at 1368.  Since the '094 patent specifically referenced both the '934 and '595 patents, the earliest filing date was the '595 patent's U.S. filing. <u>Id.</u> at 1367-68.  The '595 patent's application of July 18, 1995 was the U.S. national stage application of the original international application or PCT application filed on November 26, 1993. <u>Id.</u> at 1366, 1368.  Under the patent statute, 35 U.S.C. § 363, the national stage application has the same U.S. filing date as the PCT application, and the court explained that "[w]here proper reference to a national stage application exists, no reference to the corresponding PCT application is required because the national stage application effectively has the same U.S. filing date as the PCT application." <u>Id.</u> at 1367. Therefore, the court held that the U.S. filing date was not July 18, 1995 but November 26, 1993, the filing date of the PCT application, which was not specifically referenced in the '094 patent. <u>Id.</u> at 1368.  A statutory provision, 35 U.S.C. § 363, supported applying the PCT application date, and therefore <u>Broadcast Innovations</u> is specific to its facts which the Court does not find persuasive or applicable in this case.

18
19
20
21
22
23
24
25

In reply, Defendant also cites to <u>Gilead Sciences, Inc. v. Natco Pharma Ltd.</u>, 753 F.3d 1208 (9th Cir. 2014) arguing that the term of a patent in a family is calculated based on the earliest application in the chain.  However, Defendant merely cites to a general proposition that the "earliest member of a patent family limits the rest of the related patents." <u>Id.</u> at 1218 (C.J. Rader, dissenting).  However, prior to this statement, 35 U.S.C. § 154(a)(2) is cited to explain that a patent term is limited to "20 years from its filing date or the earliest claimed filing date under 35 U.S.C. §§ 120, 121, or 365(c)." <u>Id.</u> Therefore, in order to obtain the filing date of the earliest member of patent family, a

26
27
28

17cv2479-GPC(BLM)

1  patentee must comply with 35 U.S.C. § 120.  Again, this case does not support

2  Defendant's argument.

3       The parties have not provided and the Court has not found any cases that address

4  whether a patent term may begin from a grandparent's patent application that is not

5  referenced in the patent at issue under 35 U.S.C. § 154(a)(2).  35 U.S.C. § 154(a)(2)

6  states that the patent term begins on the date of an earlier application if it contains a

7  "specific reference" to an earlier filed application under section 120.  See 35 U.S.C. §

8  154(a)(2).  Meanwhile, section 120 requires a "specific reference to the earlier filed

9  application" in order to obtain the benefit of an earlier filed application.  Given the

10  policies underlying and the interrelationship between sections 154(a)(2) and 120, the

11  Court finds cases interpreting "specific reference" under § 120 as instructive in its

12  analysis of section 154(a)(2).

13       In Hovlid v. Asari, 305 F.3d 747 (9th Cir. 1962), the Ninth Circuit held that to

14  obtain the benefit of the filing date of a prior application under § 120, the subsequent

15  application must contain a reference to the prior application and failure to do so

16  constitutes a waiver of the benefits afforded by § 120.  Id. at 751-52.  In Hovlid, the court

17  addressed whether the second patent was entitled to the filing date of an earlier patent

18  application which the patentee had abandoned.  Id. at 748.  The second patent was a

19  continuation of the first patent which was specified in the second patent.  Id.  The first

20  patent was a continuation of a patent application which he abandoned when he filed his

21  application for the first patent.  Id.  The first patent referred to the abandoned application

22  as follows: This is a continuation of application Serial No. 404,688 now abandoned filed

23  by me January 18, 1954."  Id. at 749.  Because the second patent contained no reference

24  to the abandoned application, the Ninth Circuit held it did not obtain the benefit of the

25  filing date of the earlier filed abandoned application.  Id.

26

27

28

17cv2479-GPC(BLM)

The Seventh Circuit, relying on <u>Hovlid</u> stated, "[h]ere, a third patent application was a division of a second application which was a continuation-in-part of the first application. The question is whether the third application may obtain the benefit of the filing date of the first application by cross-referencing only to the second application, which in turn cross-references to the first." <u>Sticker Indus. Supply Corp. v. Blaw-Knox Co.</u>, 405 F.2d 90, 91 (7th Cir. 1968).  The Seventh Circuit explained the purpose of § 120 was to alleviate the burden on the public to engage in a long and expensive search of previous applications to determine the filing date of a later patent. <u>Id.</u> at 93.  "Although Section 120 may not be ideally drafted, it is clear to us that the 'earlier filed application' means the first application whose filing date is being claimed by the applicant. The inventor is the person best suited to understand the relation of his applications, and it is no hardship to require him to disclose this information." <u>Id.</u>  In the case, the defendants argued they could not comply with § 120 requiring that the filing of the application be completed prior to the abandonment of proceedings on the first application; however, the court explained that defendants could have filed a patent application before the prior application was abandoned OR even if the application was filed after the abandonment of the first application, they could have complied by making specific reference to the abandoned application or amending the application to include the specific reference.  <u>Id.</u> at 92-93.

In <u>Encyclopaedia Britannica, Inc. v. Alpine Elecs., of America, Inc.</u>, 609 F.3d 1345, 1350 (Fed. Cir. 2010), the Federal Circuit held that § 120 requires that "each application in the chain of priority [] refer to the prior applications." <u>Id.</u> at 1352 (because an intermediary application failed to specifically reference an earlier filed application, it was not entitled to the priority date of the prior application.).

In <u>Carotek</u>, in addressing priority under 35 U.S.C. § 120, the district court applied a strict reading of "specific reference" and stated, "[t]he language of the regulation is

17

unequivocal: to claim the benefit of an earlier patent, 'the specification must contain or be amended to contain such reference in the first sentence(s) following the title.'" Carotek v. Kobayahi Ventures, LLC, 875 F. Supp. 2d 313, 334 (S.D.N.Y. 2012) (quoting 37 C.F.R. § 1.78(a)(2)(iii) and citing Encyclopaedia Britannica, 609 F.3d at 1350 ("There is nothing in the language or legislative history of § 120 to suggest that an application is entitled to an earlier priority date even if it fails to make a specific reference to an earlier application.")). The court noted that if an issued patent contains a mistake, "such as failing to claim priority to an appropriate earlier-filed patent," . . . it can be corrected by petitioning the PTO under 35 U.S.C. § 254. Id. at 331.

Most recently, the Federal Circuit confirmed the strict reading of § 120's specific reference requirement. Droplets, Inc. v. E*Trade Bank, 887 F.3d 1309 (Fed. Cir. 2018). The Federal Circuit held that an incorporation by reference does not satisfy the "specific reference" requirement of § 120 because such a requirement would conflict with § 120's purpose "which is to provide clear notice to the public of the patentee's claimed priority date." Id. at 1314 ("Because the '115 Patent expressly claims priority only to an immediately preceding application, and not the provisional application before that", priority claim was limited to the immediately preceding application).

In coming to its conclusion, the Federal Circuit noted the important public policy of requiring strict compliance with § 120 as the information is used by the public to search the Patent Office's records, with minimal effort, to determine "the exact filing date upon which a patent applicant is relying to support the validity of his application or the validity of a patent issued on the basis of one of a series of applications." Id. at 1317. "Because the 'inventor is the person best suited to understand the relation of his applications,' it is 'no hardship to require him to disclose this information.'" Id. at 1320 (quoting Sticker Indus. Supply Corp., 405 F.2d at 93). The burden is on the patent owner to provide "a clear, unbroken chain of priority." Id. at 1321 (citation omitted). Because

17cv2479-GPC(BLM)

the '115 patent at issue did not specifically reference the '745 patent or the first-filed '917 provisional application, they could not be used to determine the priority date.  Id. at 1024.

These cases demonstrate that to obtain the benefit of the filing date of an earlier filed application for purposes of determining a patent term under 35 U.S.C. § 154(a)(2), 35 U.S.C. § 120 requires that a patent application must contain a specific reference to the earlier filed application.  Here, since the '647 patent does not specifically reference the grandparent '004 Application, and there has been no amendment or correction filed with the PTO, the '647 patent does not obtain the benefit of the '004 Application's filing date.  A continuation-in-part patent term necessarily begins on the date on which the earliest application which is specifically referenced was filed due to the public notice that is conveyed by the specific reference.  Here, the patent owner, who is the "person best suited to understand the relation of his applications", see Droplets, Inc., 887 F.3d at 1320, has failed to provide notice to the public that the '004 Application is one of a series of applications of the '647 patent.  See Sticker Indus. Supply Corp., 405 F.2d at 93.  As such, there is no basis to apply the grandparent '004 Application's filing date to determine the expiration of the '647 patent term.

**E.     Exceptionality**

Defendant argues that if the Court grants the motion to dismiss willful infringement and induced infringement claims, it should also grant the motion as to injunctive relief, treble damages and exceptional damages that are based on the same underlying facts.  Plaintiff does not dispute that injunctive relief and treble damages should be dismissed if the Court grants Defendant's motion to dismiss but disagrees that the exceptional damages should be dismissed.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. 285.  The Federal Circuit "has recognized many types of

misconduct that may create an exceptional case for purposes of awarding fees, including inequitable conduct before the PTO, litigation misconduct such as vexatious or unjustified litigation or frivolous filings, and willful infringement." Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1350 (Fed. Cir. 2004); Kilopass Tech., Inc. v. Sidense Corp., 738 F.3d 1302, 1315-16 (Fed. Cir. 2013) ("Although fraud certainly is a ground upon which a finding of exceptionality under § 285 may be predicated, other forms of misconduct (e.g., recklessly pursuing a baseless infringement claim) can support an exceptionality finding as well.").

The complaint generally alleges that "Cerner's infringement of the '647 patent is exceptional and entitles CliniComp to attorneys' fees and costs under 35 U.S.C. § 285." (Dkt.  No. 1, Compl. ¶ 23.)  In its opposition, Plaintiff argues the exceptionality claim it alleges is not based solely on willfulness or induced infringement.  However, Plaintiff fails to explain what specific conduct warrants exceptional damages.  The facts alleged in complaint do not demonstrate other reasons besides willfulness why Plaintiff is seeking an exceptionality finding.

Accordingly, the Court GRANTS Defendant's motion to dismiss the injunctive relief and treble damages claims as unopposed and GRANTS the exceptionality claim for failure to state a claim.  However, because Plaintiff may cure the deficiency of pleading exceptionality, the Court GRANTS Plaintiff leave of Court to amend the complaint.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)) ("leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").

/ / / /

/ / / /

20

1

**Conclusion**

2      Based on the above, the Court GRANTS Defendant's motion to dismiss the willful

3 infringement and indirect infringement claims as well as the relief sought in connection

4 with these claims of injunctive relief, treble damages and exceptionality damages but the

5 Court grants Plaintiff leave of court to amend the exceptionality damages claim.  Plaintiff

6 shall file a first amended complaint on or before **June 4, 2018**.  If Plaintiff does not file a

7 first amended complaint, Defendant shall file an answer to the complaint on or before

8 **June 25, 2018**.

9      IT IS SO ORDERED.

10 Dated:  May 16, 2018

11                                    Hon. Gonzalo P. Curiel
12                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17cv2479-GPC(BLM)