UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERNER CORPORATION , <br><br> Defendant. | Case No.: 17cv2479-GPC(BLM) <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REVIEW** <br><br> **[Dkt. No. 24.]** |

Before the Court is Defendant's motion to stay pending *inter partes* review. (Dkt. No. 24.) Plaintiff filed an opposition on October 5, 2018, and Defendant replied on October 19, 2018. (Dkt. Nos. 27, 28.) Based on the reasoning below, the Court GRANTS in part Defendant's motion to stay.

**Background**

On December 11, 2017, Plaintiff Clinicomp International, Inc. ("Plaintiff"), the owner of U.S. Patent No. 6,665,647 ("the '647 patent") entitled "Enterprise Healthcare Management System and Method of Using Same", filed a complaint against Defendant Cerner Corporation ("Defendant") alleging claims for willful patent infringement, direct patent infringement, indirect patent infringement or induced infringement and seeking

1

equitable relief, enhanced damages, and a finding of exceptionality. (Dkt. No. 1.) On May 16, 2018, the Court granted Defendant's motion to dismiss the willful infringement and indirect infringement claims. (Dkt. No. 18 at 21.) Although the Court granted Plaintiff leave to amend, it did not file an amended complaint. Defendant filed an answer on June 25, 2018. (Dkt. No. 19.) Therefore, one cause of action of direct infringement remains. (Dkt. No. 1.) Because the Court concluded that the '647 patent expired on November 24, 2017, (Dkt. No. 18 at 13), Plaintiff's relief on direct infringement are limited to past damages.

On July 17, 2018, the parties conducted a Federal Rule of Civil Procedure ("Rule") 26(f) conference and exchanged initial disclosures on August 1, 2018. (Dkt. No. 23.) Because Cerner filed a motion to stay, the Magistrate Judge vacated the early neutral evaluation conference and case management conference that was set for September 12, 2018 pending the Court's ruling on the motion to stay. (Dkt. No. 26.)

On August 31, 2018, Cerner filed a petition for *inter partes* review[1] ("IPR") of claims 1-25 and 50-55 of the '647 patent before the Patent Trial and Appeal Board ("PTAB") with the United States Patent and Trademark Office ("USPTO"). (Dkt. No. 24-3, Cooney Decl., Ex. 1.) The PTAB will decide by March 6, 2019 whether there is a "reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." See 35 U.S.C. § 314(a). If PTAB institutes an IPR, it must rule on the merits of the petition within one year, which can be extended by six months for good cause. 35 U.S.C. § 316(a)(11). Therefore, if the PTAB institutes an IPR, a final ruling on the merits would be expected by March 6, 2020 absent good cause.

---

[1] Inter parties review allows any person other than the patent owner to file a petition to institute IPR in order to establish that the identified claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. §§ 311(a)–(b). The petitioner must rely "only on . . . prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

The parties may then appeal the PTAB ruling to the Federal Circuit. 35 U.S.C. §§ 141(c), 319.

**Discussion**

Defendant seeks a stay of all the proceedings pending *inter partes* review. Plaintiff opposes arguing that a stay is not warranted and at a minimum the Court should allow some discovery to go forward on claim construction while the PTAB decides whether to institute the Petition.

**A.     Motion to Stay**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entnmen't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). However, "there is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." ESCO Corp. v. Berkeley Forge & Tool, Inc., No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009).

Courts consider three factors in determining whether to grant a stay pending reexamination of a patent: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (same).

**1.     Stage of Litigation**

Defendant argues the early stage of this litigation favors a stay where no case management conference has been held, no infringement and invalidity contentions have been served, no dates for a claim construction hearing has been scheduled and no trial date has been set. In response, Plaintiff argues that Defendant's delay in seeking *inter partes* review renders a stay unwarranted.

The first factor, stage of litigation, considers "whether discovery is complete and whether a trial date has been set." Universal Elecs., Inc., 943 F. Supp. 2d at 1030-31; Internet Patents Corp. v. eBags, Inc., No. 12-cv-03385 SBA, 2013 WL 4609533, at *2 (N.D. Cal. Aug. 28, 2013); Scientific Plastics Prods., Inc. v. Biotage AB, Case No. 09cv677-MMA(BLM), 2009 WL 10672186, at *1 (S.D. Cal. Oct. 6, 2009). "When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending inter partes [review]." Pragmatus AV, LLC v. Facebook, Inc., No. 11-cv-2168 EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (granting stay where plaintiff had served infringement contentions and written discovery); see also Ho Keung Tse v. Apple Inc., C–06–06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.").

Plaintiff does not dispute the case is in its early stages but argues that Defendant's undue delay in filing its IPR with the PTAB does not support a stay. The complaint was filed on December 11, 2017 which is when Defendant first learned of the alleged infringement. Plaintiff claims that Defendant waited 8.5 months, until August 31, 2018, to file its petition without offering any reasons why it delayed seeking review. Defendant responds that it filed its petition 3.5 months before the statutory deadline to file an IPR petition, and that it takes significant amount of time to diligently search for prior art, analyze the prior art and draft an IPR petition. When Defendant learned of the alleged infringement on December 11, 2017, it filed a motion to dismiss and when it was ruled

on, it promptly filed an answer and filed its IPR petition two months later and the instant motion to stay was filed days later.

In support of Defendant's alleged undue delay, Plaintiff relies on Int'l Test Solutions, Inc. v. Mipox Int'l Corp., Case No. 16v791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017) where the court denied the stay request and questioned the defendant's timing of its stay motion which occurred, "nearly a year after this lawsuit was filed, seven months after [the plaintiff's] infringement contentions were served, and little more than one week before a dispositive Markman hearing after the issues were fully briefed." Id. Defendant's reason for its delay, that defendant's parent company was not added until later, was not persuasive. Id. This case is not supportive of Plaintiff's position because the litigation in Int'l Test Solutions was much further along and the court questioned the defendant's failure to inform the court of its intent to request a stay prior to the Markman hearing before the parties and the court expended time and resources to resolve claim construction issues. Id. Here, the litigation has barely begun.

Other cases cited by Defendant do not support its argument as request for a stay in those cases was filed at the close of discovery and after Markman briefs were filed or the motion to stay was filed weeks after the IPR petition was filed. See Cynosure, Inc. v. Cooltouch Inc., No. 08cv10026-NMG, 2009 WL 2462565, at *2 (D. Mass. Aug. 10, 2009) (denying motion to stay due to delay in filing stay motion after close of fact discovery and two days before expert discovery and the defendant did not notify the Court it was pursuing a request for reexamination until the Markman hearing was held which was nearly after a year after the case was filed); Affinity Labs of Texas v. Apple Inc., No. 09-04436 CW, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010) (delay of waiting eight months to file its request for IPR and then another seven weeks to file the motion to stay were delays that weighed against granting the stay).

Courts expect "accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." Asetek Holdings, Inc. v. Cooler Master Co., Ltd., No. 13–cv–00457–JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014); see also Int'l Test Solutions, 2017 WL 1316549, at *3. "Provided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner." Asetek Holdings, Inc., 2014 WL 1350813, at *5. One district court also concluded that "waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice." Cypress Semiconductor Corp. v. GSI Tech., Case No. 13cv2013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014).

Here, no discovery has occurred except for initial disclosures, no trial date has been set, and a case management conference has not yet been held. The IPR petition was filed 8.5 months after the complaint was filed. The IPR petition consists of 74 pages of substantive arguments and challenges 21 claims. Researching and examining prior arts and preparing an IPR petition disputing 21 claims is a time intensive task. There is no indication of undue delay or dilatory motive to obtain an unfair tactical advantage based on the stage of the litigation. Accordingly, the early stage of litigation favors a stay.

### 2. Simplification of Issues

Defendant argues that a stay will simplify the issues and reduce the burden on the Court and the parties. Plaintiff argues that Defendant fails to show that a stay would simplify the issues since it is speculative whether the PTAB will even institute IPR proceedings. Further, even if the PTAB institutes IRP proceedings, it argues that Defendant admits that not all claims are challenged in the IPR petition.

6

"A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" Evolutionary Intelligence, LLC v. Apple, Inc., No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." Id. Even if all the asserted claims survive *inter partes* review, the case could be simplified because Defendant would be bound by the estoppel provisions for *inter partes* review and could not raise any arguments it raised or reasonably could have raised at the PTO in its petition. See Evolutionary Intelligence, LLC, 2014 WL 261837, at *2 (citing 35 U.S.C. § 315(e)(2).) Lastly, even if the PTO affirms the claims, the PTO's decision "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." Id.

Plaintiff's citation to the Court's prior ruling in Mygo, LLC v. Mission Beach Indus., LLC, Case No. 16cv2350-GPC(RBB), 2017 WL 412345, at *3 (S.D. Cal. Jan. 31, 2017), is not supportive because it involved a request for ex parte reexamination. In that case, the Court denied the defendant's motion to stay as premature because the PTO had not yet granted the reexamination request and a ruling by the PTO would not simplify issues as a request for *ex parte* reexamination has no estoppel effect. Id. The court explained, in contrast, an *inter partes* reexamination, a petitioner is estopped from asserting invalidity arguments that it could have raised during the administrative review process. Id. (citing 35 U.S.C. § 315(e)(2)). Within a month of the Court's ruling in Mygo, the PTO granted the defendant's request for ex parte reexamination, and on the defendant's motion for reconsideration, the Court granted a stay of proceedings. Mygo,

7

LLC v. Mission Beach Indus., LLC, Case No. 16cv2350-GPC(RBB), 2017 WL 1354790, at *4 (S.D. Cal. Apr. 13, 2017) (granting reconsideration of stay where PTO granted ex parte reexamination concluding that "significant questions of patentability are raised with respect to each of the claims of the subject patent").

Plaintiff also summarily argues that a stay before institution of IPR is not warranted because the IPR petition does not cover all the asserted claims which Defendant acknowledges. Defendant explains that there are 55 claims in the '647 patent which includes 3 independent claims and 52 dependent claims. The patent claims can be grouped into three claims: the "method claims" (independent claim 1 and dependent claims 2-25), the "system claims" (independent claim 26 and dependent claims 27-49), and "method claims" (independent claim 50 and dependent claims 51-55). The IPR petition challenges the two "method claims", claims 1-25 and 50-55. Defendant, in Appendix A, presents a table demonstrating substantial overlap between claim 1 and its dependent claims and unchallenged claim 26 and its dependent claims. (Dkt. No. 24-2, App'x A.) Therefore, according to Defendant, a ruling on the challenged claims will necessarily affect or narrow the invalidity issues in claims 26-49. Defendant also asserts that it did not challenge claims 26-49 because of the 14,000 word limitation for IPR petitions and because indefiniteness, another challenge to claims 26-49, cannot be addressed by the PTAB. Defendant further acknowledges that claim 28 has no closely corresponding limitation but explains that this subject matter was well known at the time the '647 patent was filed and expressly taught by the prior art. Defendant argues that the claims are interrelated and that a decision by the PTAB on the pending claims will impact the unchallenged claims.

In response, Plaintiff does not specifically dispute Defendant's argument that there are overlapping subject matters between the challenged claims and the unchallenged claims but only summarily dispute Plaintiff's assertion of overlapping subject matter as

8

unsupported and unwarranted. Based on the Court's review of Appendix A, there appears to be overlap between claims 1-25 and the unchallenged claims of 26-49 as the language used are very similar between these claims. Therefore, if the PTAB were to accept the petition for IPR, it would simplify the issues in this case.

### 3. Prejudice to Plaintiff

Defendant argues that Plaintiff will not be unduly prejudiced by staying the case or be at a tactical disadvantage because the '647 patent has expired and Plaintiff is limited to monetary damages for past patent infringement. Plaintiff disagrees.

The last factor for the Court's consideration is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc., 486 F. Supp. 2d 990, 993-94 (D. Az. 2007) (citing In re Cygnus Telecomms. Tech., LLC, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). When a patent has expired and only monetary damages remain, there is no undue prejudice because the plaintiff will eventually be able to seek recovery. Regents of Univ. of Minn. v. LSI Corp., Case No. 18cv821-EJD, 2018 WL 2183274, at *3 (N.D. Cal. May 11, 2018) (citing Sorensen v. Lexar Media, Inc., No. C 08-00095 JW, 2009 WL 10695750, at *2 (N.D. Cal. Feb. 25, 2009) ("[G]iven that the '184 patent has otherwise expired . . . the Court cannot ascertain any prejudice that will inure to Plaintiff as the result of a stay, because damages will not continue to accrue during the period the stay is in place.")); see Warsaw Orthopedic, Inc. v. Nuvasive, Inc., Case No. 08cv1512-CAB(MDD), 2016 WL 4466973, at *2 (S.D. Cal. June 15, 2016) ("The [ ] patent has expired, so no additional damages are accruing and there is no ongoing infringement by [the defendant]. Delay in the calculating and awarding of monetary damages will not unduly prejudice [the plaintiff].").

First, Plaintiff argues that the delay of potentially of over two years plus during the *inter partes* proceedings constitutes undue prejudice. However, courts have held that a

9

"delay inherent in the reexamination process does not constitute undue prejudice[.]" AT&T Intellectual Property I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); Intertainer, Inc. v. Hulu, LLC, No. CV 13-5499-CJC(RNBx), 2014 WL 466034, at *2 (C.D. Cal. Jan. 24, 2014). Therefore, Plaintiff's first argument is not persuasive.

Next, Plaintiff contends Defendant would gain a tactical advantage if the case is stayed because evidence such as witness availability and memory will become stale and difficult to retrieve as time passes. However, Plaintiff does not specifically state what discovery has the potential of becoming stale or difficult to retrieve.

Plaintiff also suggests that the Court could limit discovery on issues such as claim construction until the IPR review is complete. The cases Plaintiff cites to support its position concerning limited discovery focuses on background matters or sales information, not on invalidity contentions.[2] See Proctor & Gamble Co. v. Kraft Foods Global, Inc., No. C 08-930 PJH, 2008 WL 3833576, at *2 (N.D. Cal. Aug. 15, 2008) (limited discovery allowed for Rule 30(b)(6) deposition relating to background matters regarding the development of the products at issue which are at risk of diminishing memories by knowledgeable witnesses); Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC, No. 8:12cv324, 2013 WL 275013, at *4 (D. Neb. Jan. 24, 2013) (the parties should be allowed to conduct third-party discovery as it relates to the manufacture and sale of the allegedly infringing net wrap products."). These cases dealt with discovery outside of claim construction. Here, Plaintiff does not assert what type of limited discovery should proceed if the IPR proceedings were to proceed. Moreover, its proposition that the Court should allow limited discovery on claim construction would

---

[2] Plaintiff also cites to a scheduling order in another case involving infringement of the same patent, CliniComp Int'l, Inc. v. AthenaHealth, Inc., No. 1:18cv425-LY, Dkt. No. 29 (W.D. Tex. Sept. 18, 2018); however, that case did not concern a stay pending inter partes review and only cites to a claim construction scheduling order. The citation to CliniComp Int'l is not supportive of Plaintiff's argument that discovery, pending whether the PTAB institutes IPR review, is warranted in this case.

10

potentially overlap with the PTAB's ruling on the petition for IPR and does not support discovery while the PTAB decides whether to institute IPR proceedings.

Third, Plaintiff claims it has a vested interest in timely compensation of any infringement of its patent rights. The case of Chrimar Sys., Inc. v. Adtran, Inc., Civil No. 15cv618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug 1, 2016) cited by Plaintiff concerning its interest in timely compensation of enforcement of its patent rights is factually distinguishable. In that case, the court denied the motion to stay because there were ten other defendants who had not filed IPR petitions and did not move for a stay and only two defendants who moved for a stay. Id. The court explained that granting a stay would essentially bifurcate the case causing duplication of effort by the parties and the court. Id.

Finally, Plaintiff argues that both parties are direct competitors which heightens the prejudice to it should its rights to be made whole is delayed by several years and that if the case is stayed, it sends a message to other competitors that it can infringe for years without recourse while *inter partes* review is ongoing.

Where parties are direct competitors, "the likelihood of undue prejudice to the non-moving party is heightened." Int'l Test Solutions, 2017 WL 1316549, at *3. Courts have required "evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party." Id. (citing Security People, Inc. v. Ojmar US, LLC, Case No. 14cv4968-HSG, 2015 WL 3453780, at *5 (N.D. Cal. May 29, 2015)). If the defendant has stopped sales of the accused products, the harm to plaintiff is mitigated. Id. Here, Plaintiff has not provided any evidence of undue prejudice.

Because the patent has expired and no infringement is currently ongoing, any delay in awarding monetary damages does not constitute undue prejudice. See Warsaw Orthopedic, Inc., 2016 WL 4466973, at *2. Thus, the prejudice factor supports a stay.

As discussed above, there is also no tactical disadvantage to the plaintiff by granting a stay.

**B.      Whether to Stay or Defer Ruling Pending PTAB Decision on IPR Petition**

Whether to stay a case before the PTAB determines to institute IPR proceedings is committed to the Court's discretion. See VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1315-16 (Fed. Cir. 2014); Loyalty Conversion Sys. Corp v. American Airlines, Inc., Case No. 13cv655, 2014 WL 3736514, at *1 (E.D. Texas July 29, 2014). The Federal Circuit expressed no opinion on which method on handling stays was the better practice. VirtualAgility Inc., 759 F.3d at 1316. The court recognized that district courts have deferred ruling on a stay until the PTAB renders its decision, other district court have ruled on motions to stay before the PTAB made its decision and still others denied motions to stay as premature subject to refiling the motion after the PTAB institutes post-grant review. Id. at 1315-16. In VirtualAgility, the Federal Circuit held that the district court did not err in waiting to rule on the motion to stay until the PTAB made its decision to institute review. Id. at 1315.

In Loyalty Conversion, Federal Circuit Judge William C. Bryson deferred ruling on a motion to stay until the PTAB made its decision whether to grant the petition for review since the time to act was drawing near. Loyalty Conversion Sys. Corp., 2014 WL 3736514, at *2. The court explained that simplification of issues did not cut in favor of a stay because it was speculative whether the PTAB would grant the petition. Id. But because the factors did not cut strongly one way or the other, the court decided to defer ruling. Id. In another case, Judge Bryson noted that the majority of district courts addressing stays pending PTAB review have either "postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." Trover Grp., Inc. v. Dedicated Micros USA, Case No. 13 cv1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015).

The parties agree that the PTAB has until March 6, 2019 to decide whether to institute IPR proceedings. While many courts have withheld ruling on a motion to stay until the PTAB makes a decision, see id., in essence, postponing ruling on a stay request is akin to staying the case until the PTAB decides whether to institute IPR proceedings.

Because of the potential of simplification of issues if the PTAB institutes IPR proceedings, and a decision by the PTAB is expected shortly, and the other factors support a stay, the Court finds that a short stay is appropriate until the PTAB makes that decision. See Loyalty Conversion, 2014 WL 3736514, at *2 (deferring ruling); Fisher-Price, Inc. v. Dynacraft BSC, Inc., Case No. 17cv3745-PJH, 2017 WL 5153588, at *1 (N.D. Cal. Nov. 7, 2017) (although the PTAB had not yet determined whether to institute IPRs, because the scope of litigation would be significantly simplified if the PTAB institutes the IPR, the Court found a stay was appropriate "at least until the PTAB has determined whether to institute the IPRs.").

In consideration of the three factors, the Court exercises its discretion and GRANTS in part a stay pending a decision by the PTAB.

## Conclusion

Based on the above, the Court GRANTS in part Defendant's motion to stay the case pending a decision by the PTAB whether it will institute *inter partes* review. The parties shall inform the Court of the PTAB's decision whether to proceed with IPR within three (3) days of its ruling. If the PTAB institutes *inter partes* review, the stay shall continue until completion of the review, and the parties shall inform the Court within three (3) days of the PTAB's decision. If the PTAB declines to institute *inter partes*

////
////
////
////

13

17cv2479-GPC(BLM)

review, the parties may move to lift the stay so the case may proceed.  The hearing set for November 9, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: October 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge