# Exhibit 1

| | |
|---|---|
| **From:** | Friesen, Kyle E. (SHB) <KFRIESEN@shb.com> |
| **Sent:** | Thursday, February 10, 2022 5:00 PM |
| **To:** | Zisser, Bruce; Thakur, Amar; McDonald, Shawn; CliniCompServiceManatt@manatt.com |
| **Cc:** | Reckers, Rob (SHB); Bell, Fiona; Long, Andrew M. (SHB); Williams, Ryan J. (SHB) |
| **Subject:** | CliniComp v. Cerner - Joint Claim Construction Statement Exchange |
| **Attachments:** | DRAFT - Joint Claim Construction Chart (EXHIBIT A)_with Cerner Additions.docx; DRAFT - Joint Claim Construction Statement_Cerner redlines.docx; DRAFT - Joint Claim Construction Worksheet (EXHIBIT B)_Cerner redlines .docx |

Counsel,

Per agreement, this email includes Cerner's redlines to the Joint Claim Construction Statement and to the Worksheet (Exhibit B). Also included is the Joint Claim Construction Chart (Exhibit A) with Cerner's column filled in (without redlining). Cerner reserves the right to make additional changes to any of the attached.

Best regards,

**Kyle E. Friesen**
*Of Counsel*
Shook, Hardy & Bacon L.L.P.
600 Travis Street, Suite 3400 | Houston, Texas
713.546.5671 | kfriesen@shb.com



**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Patent L.R. 4.2(b), CliniComp and Cerner hereby submit the following chart with each party's proposed construction of each disputed claim term in U.S. Patent No. 6,665,647, along with an identification of supporting evidence.

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| 1. A method of operating an enterprise healthcare management system for a first healthcare enterprise facility and a second healthcare enterprise facility independent of the first healthcare enterprise facility, comprising: | | |
| establishing a first secure communication channel via a public network between an application server and a first end user device in the first enterprise facility and establishing a second secure communication channel via the public network between the application server and a second end user device in the second enterprise facility, the application server | | |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| remotely hosting a healthcare application and having a database; | | |
| receiving first healthcare data from the first end user and second healthcare data from the second end user; | | |
| processing the first healthcare data and the second healthcare data with the healthcare application; | | |
| storing the processed first healthcare data in a **first portion of the database associated with the first healthcare enterprise facility and storing the processed second healthcare data in a second portion of the database associated with the second healthcare enterprise facility**; | **Proposed Construction:**<br><br>Plain and ordinary meaning – no construction necessary.<br><br>CliniComp does not dispute that the claimed "portions" do not include data groupings created exclusively by indexing – the process disclosed in Johnson.<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:** | **Proposed Construction:**<br><br>"a specific arrangement of data structures in the database that separates the data associated with the [first/second] healthcare enterprise facility from data associated with other healthcare enterprise facilities, wherein the claimed 'portion' is not created by merely identifying data or associating subsets of data with common values (i.e., indexing by an identifier)" |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | **Extrinsic Evidence:** | **Impact Statement:**<br><br>Cerner contends the accused databases differentiates data associated with different clients in the same manner as taught by the Johnson prior art, *i.e.*, through "indexing by an identifier."  In successfully distinguishing its claims from Johnson, ClinComp disclaimed such techniques for differentiating data in a database to during the IPR and in the appeal that followed it.  Cerner's proposed construction reflects CliniComp's disclaimers.<br><br>**Intrinsic Evidence:**<br><br>'647 patent at 8:60–65, 9:8–15, 9:59–10:5, 10:64–11:13, 11:21–28, 14:8–45, Figures 1, 2, 4<br><br>Declaration of Dr. Bryan Bergeron in Support of Patent Owner's Response, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018- |

# EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | 01634, Ex. 2005 ¶¶ 180–181 (P.T.A.B. June 14, 2019).<br><br>Record of Oral Hearing, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 36, at 36:19–37:26, 38:20–44:20, 49:6–52:22, 82:14–83:23 (P.T.A.B. Dec. 3, 2019).<br><br>Final Written Decision, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 41, at 80–85, 92–93 (P.T.A.B. Mar. 26, 2020).<br><br>Principal Br. of Appellee CliniComp Int'l, Inc., *Cerner Corp. v. CliniComp Int'l, Inc.*, No. 20-1853, at 5–10 (Fed. Cir. Dec. 2, 2020).<br><br>Opinion, *Cerner Corp. v. CliniComp Int'l, Inc.*, No. 20-1853, at 9 (Fed. Cir. Apr. 20, 2021).<br><br>**Extrinsic Evidence:** The entire record from the IPR and subsequent |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | appeal from the IPR are intrinsic evidence, but Cerner reserves its rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |
| **[I]configuring the database to accept legacy information derived from a legacy application [II] operating at** each of the first and second healthcare enterprise facilities, **[III]wherein the functions in the healthcare application are not duplicative of the legacy application**; and | **[I] Proposed Construction:**<br><br>Plain and ordinary meaning – no construction necessary.<br><br>The plain and ordinary meaning does not impose any requirement on the nature of the legacy data, *i.e.*, whether it is converted or unconverted.<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:**<br><br>**Extrinsic Evidence:** | **[I] Proposed Construction:**<br><br>"configuring the database to accept legacy information that has not been converted to match the capabilities of the database.<br><br>**Impact Statement:**<br><br>Cerner contends that the accused databases are not configured to accept legacy information, as claimed.  Instead, Cerner's databases use a uniform database structure for all clients, and clients with non-Cerner applications are required to convert their data to match the format and capabilities of the Cerner databases.  During the IPR, CliniComp distinguished the |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | claimed configuration of the database from prior art databases that required data be converted to match the capabilities of those databases. Cerner's proposed construction reflects that clear disclaimer. <br><br> **Intrinsic Evidence:** <br><br> '647 patent at 4:43–55, 8:31–44, 13:6–27, 14:8–45, Figures 1, 7 <br><br> Patent Owner's Response, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 13, at 32–36, 52–67 (P.T.A.B. June 14, 2019) <br><br> Patent Owner's Sur-Reply, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 21, at 23–24 (P.T.A.B. Oct. 22, 2019) <br><br> **Extrinsic Evidence:** The entire record from the IPR and subsequent appeal from the IPR are intrinsic evidence, but Cerner reserves its |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |
| | **[II] Proposed Construction:**<br><br>Plain and ordinary meaning – no construction necessary.<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:**<br><br>**Extrinsic Evidence:** | **[II] Proposed Construction:**<br><br>Plain and ordinary meaning, which is:<br>"in operation at"<br><br>**Impact Statement:**<br><br>The parties appear to dispute whether the claims are limited to instances in which the claimed legacy application remains "in operation at" the first and second healthcare facilities.<br><br>Cerner's proposal seeks to foreclose infringement allegations directed to clients that are no longer operating a legacy application, *e.g.*, clients that replaced legacy applications with Cerner's offering. |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | **Intrinsic Evidence:**<br><br>'647 patent at 4:43–55, 8:31–44, 13:6–27, 14:8–45, Figures 1, 7<br><br>Patent Owner's Response, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 13, at 32–36, 52–67 (P.T.A.B. June 14, 2019)<br><br>Patent Owner's Sur-Reply, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 21, at 23–24 (P.T.A.B. Oct. 22, 2019)<br><br>**Extrinsic Evidence:** The entire record from the IPR and subsequent appeal from the IPR are intrinsic evidence, but Cerner reserves its rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |
| | **[III] Proposed Construction:** | **[III] Proposed Construction:** |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
|  | Plain and ordinary meaning – no construction necessary.<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:**<br><br>**Extrinsic Evidence:** | "wherein the healthcare application does not perform any of the same functions that the legacy application performs"<br><br>**Impact Statement:**<br><br>During the IPR, CliniComp argued for a narrow reading the claims' "non-duplicative" function requirement for the legacy applications to overcome the cited prior art.  Cerner's proposal reflects Clinicomp's narrowing statements and seeks to foreclose infringement allegations directed to legacy applications that duplicate the functions of Cerner's healthcare applications.<br><br>**Intrinsic Evidence:**<br><br>'647 patent at 4:43–55, 8:31–44, 13:6–27, 14:8–45, Figures 1, 7<br><br>Patent Owner's Response, *Cerner Corp. v. CliniComp Int'l, Inc.*, |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | IPR2018-01634, Paper 13, at 32–36, 52–67 (P.T.A.B. June 14, 2019)<br><br>Patent Owner's Sur-Reply, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 21, at 8–9 (P.T.A.B. Oct. 22, 2019)<br><br>**Extrinsic Evidence:** The entire record from the IPR and subsequent appeal from the IPR are intrinsic evidence, but Cerner reserves its rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |
| **generating a query to extract information from the database** relevant to a respective one of the first and second healthcare enterprise facilities **derived from the healthcare data and the legacy information for managing and tracking a performance of the respective one of the first and** | **Proposed Construction:**<br><br>Plain and ordinary meaning – no construction necessary.<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:**<br><br>**Extrinsic Evidence:** | **Proposed Construction:**<br><br>"generating a query to extract information from the database . . . derived from both the healthcare data and the legacy information, wherein the extracted information is for tracking a performance of the respective one of the first and second healthcare enterprise |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| **second healthcare enterprise facilities**, | | facilities and not for tracking or managing the care of individual patients" <br><br> **Impact Statement:** <br><br> During the IPR, CliniComp argued for a narrow reading of this claim requirement to overcome the cited prior art.  Cerner's proposal reflects Clinicomp's narrowing statements and the claim's plain and ordinary language.  Specifically, Cerner's proposal excludes querying that does not extract information from both the healthcare application and the legacy application.  Cerner's proposal also excludes performance reporting directed to the care of individual patients, consistent with the claim's text and CliniComp's IPR arguments. <br><br> **Intrinsic Evidence:** <br><br> '647 patent at 1:37–49, 2:9–15, 3:6–9, 6:24–35, 8:31–45, 9:67–10:5, |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | 13:27–32, 14:8–45, Figures 1, 2, 7<br><br>Patent Owner's Response, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 13, at 37–43, 66–67, 71 (P.T.A.B. June 14, 2019).<br><br>Patent Owner's Sur-Reply, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 21, at 23–25 (P.T.A.B. Oct. 22, 2019)<br><br>**Extrinsic Evidence:** The entire record from the IPR and subsequent appeal from the IPR are intrinsic evidence, but Cerner reserves its rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |
| **wherein healthcare data in the first portion of the database is only accessible to the first end user device and healthcare data in the second portion of the database** | **Proposed Construction:**<br><br>"healthcare data in the first portion of the database is only accessible to the first end users (and their devices) associated with the first | **Proposed Construction:**<br><br>Plain and ordinary meaning, which is: |

## EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| **is only accessible to the second end user device.** | healthcare enterprise facility and healthcare data in the second portion of the database is only accessible to the second end users (and their devices ) associated with the second healthcare enterprise facility<br><br>"Nothing in this claim precludes others not directly associated with the healthcare enterprise facility, such as those tasked with maintaining or improving the system, assisting users in using the system, or collecting data for reports or research, from having access to the data."<br><br>**Impact Statement:**<br><br>**Intrinsic Evidence:**<br><br>**Extrinsic Evidence:** | "wherein healthcare data in the first portion of the database is accessible only to the first end user device and healthcare data in the second portion of the database is accessible only to the second end user device"<br><br>Alternatively:<br><br>"wherein the portioning of the database enables restricting access such that healthcare data stored in the first portion of the database cannot be accessed by any device other than the first end user device and healthcare data stored in the second portion of the database cannot be accessed by any device other than the second end user device"<br><br>**Impact Statement:**<br><br>Cerner contends it does not practice the device-based accessibility restrictions recited by this claim. While Cerner limits access to |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | healthcare data in a number of different ways, this data is generally accessible on different devices and may be accessed by personnel beyond a single enterprise. Cerner's claim construction proposal seeks to limit the claims to the recited device-based restrictions (*e.g.*, "only accessible to the first end user device"), while CliniComp seeks to rewrite the claim language to permit access by any number of users and devices, including devices that are not "in the [first/second] enterprise facility," as the claimed devices must be.<br><br>**Intrinsic Evidence:**<br><br>'647 patent at 6:7–7:28, 8:7–15, 11:44–52, 13:2–5, 13:20–27, 14:8–45, Figures 1, 5, 7<br><br>U.S. Patent Appl. Ser. No. 08/977,522 (incorporated by reference in '647 patent at 1:8–12) |

**EXHIBIT A: JOINT CLAIM CONSTRUCTION CHART**

| Claim 1 of U.S. Pat. No. 6,665,647 | CliniComp's Proposed Construction | Cerner's Proposed Construction |
|---|---|---|
| | | at 11:5–12:6, 13:22–14:28, 16:28–17:5, 17:20–18:4, Figures 1A, 1B<br><br>Record of Oral Hearing, *Cerner Corp. v. CliniComp Int'l, Inc.*, IPR2018-01634, Paper 36, at 36:19–37:26, 38:20–44:20, 49:6–52:22 (P.T.A.B. Dec. 3, 2019).<br><br>Principal Br. of Appellee CliniComp Int'l, Inc., *Cerner Corp. v. CliniComp Int'l, Inc.*, No. 20-1853, at 5–10 (Fed. Cir. Dec. 2, 2020).<br><br>**<u>Extrinsic Evidence:</u>** The entire record from the IPR and subsequent appeal from the IPR are intrinsic evidence, but Cerner reserves its rights to rely on the excerpts therefrom identified above and incorporates them as "extrinsic evidence," to the extent required. |