# Exhibit 4

MANATT, PHELPS & PHILLIPS, LLP
Amar L. Thakur (Bar No. 194025)
athakur@manatt.com
Shawn E. McDonald (Bar No. 237580)
smcdonald@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Phone: (714) 371-2500
Fax: (714) 371-2550

Bruce Zisser (Bar No. 180607)
bzisser@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Phone: (310) 312-4000
Fax: (310) 312-4224

Attorneys for Plaintiff
CLINICOMP INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., | CASE NO. 17-cv-2479-GPC-DEB |
| Plaintiff, | **CLINICOMP'S NOTICE OF THIRD-PARTY SUBPOENA TO EMORY HEALTHCARE** |
| vs. | |
| CERNER CORPORATION, | |
| Defendant. | |

401671682.1

1  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of

3  Civil Procedure, the subpoena attached as Exhibit 1 will be served on Emory

4  Healthcare.

5

6

7  DATED:  September 29, 2022          MANATT, PHELPS & PHILLIPS, LLP

8

9
                                     By: */s/ Shawn E. McDonald*
10                                       Shawn E. McDonald

11                                       *Attorneys for Plaintiff CliniComp*
                                         *International. Inc.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLINICOMP'S NOTICE OF SUBPOENA TO EMORY HEALTHCARE

401671682.1

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
### for the
### Southern District of California

| | |
|---|---|
| CliniComp International, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 17-cv-2479-GPC-DEB |
| | ) |
| Cerner Corporation | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Emory Healthcare, 1364 Clifton Rd, Atlanta, GA 30322
_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A

| Place: First Legal Records c/o Atlanta Legal Services, Inc.<br>3301 Buckeye Road, Suite 303<br>Atlanta, GA 30341<br>877-591-9979 | Date and Time:<br>October 18, 2022<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*
                              OR

_____    _____
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
CliniComp International, Inc. _____ , who issues or requests this subpoena, are:
Bruce Zisser; Manatt, Phelps & Phillips, LLC, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067;
bzisser@manatt.com; (310) 312-4126.


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-2479-GPC-DEB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit A

## EXHIBIT A TO DOCUMENT SUBPOENA

## DEFINITIONS

The following instructions and definitions are to be used for purposes of responding to this subpoena:

1.      "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, Including governmental bodies and agencies.

2.      "You," "Your" or "EH" means Emory Healthcare and all its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and EH's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, including but not limited to any other legal entities, whether foreign or domestic, that are owned or controlled by EH, and all predecessors and successors in interest to such entities.

3.      "CliniComp" means Plaintiff CliniComp International, Inc. and all its directors, officers, agents, employees, trustees, trust advisors, attorneys and other Persons acting on their behalf.

4.      "Cerner" means Defendant Cerner Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf.

5.      "Entity" means any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, companies, corporations, proprietorships, partnerships, joint ventures, common interest groups, joint interest groups, consortia, clubs, associations, foundations, endeavors, ventures, firms, concerns, organizations, institutes, enterprises, alliances, governmental agencies or instrumentalities, and societies.

6.      "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or

question by any medium, whether by written, oral or other means, Including but not limited to, electronic communications and electronic mail.

7.    "Regarding" means Relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

8.    "Relate" or "Relating" or "Related" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

9.    "Document" is used in its broadest sense and means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, information on hard disk, CD-ROM, DVD, DAT, tape cartridge, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such Documents, in the possession, custody, or control of You, Your counsel, or any other Person acting on Your behalf.

10.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.

11.    "Including" means "including but not limited to."

12.    The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and Documents which might otherwise be interpreted to be beyond their scope.

EXHIBIT A TO SUBPOENA

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1.  Pursuant to Rule 45 of the Federal Rules of Civil Procedure and as directed in the subpoena attached hereto, You are to produce all Documents and things within the scope of the definitions set forth herein that are within Your possession, custody, or control as well as all Documents within the possession, custody, or control of any Related Entities and anyone acting on Your behalf including, but not limited to, Your agents, representatives, employees, officers, directors, and attorneys.

2.  This subpoena also embraces originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the Documents described in this subpoena.

3.  The parties shall produce Documents electronically stored information ("ESI") as TIFF images with Concordance-compatible load files.  If electronic discovery material requires specialized software to view or manipulate the data as in the ordinary course of business, You shall produce a working copy of the specialized software at Your expense.

4.  Each Document Request shall be complied with fully unless it is objected to in good faith, in which event the reasons for Your objection shall be stated in detail.  If an objection pertains to only a portion of the Document Request, or a word, phrase, or clause contained within it, You are required to state Your objection to that portion and to comply with the remainder of the request, using Your best efforts to do so.

5.  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Documents produced in response to these Document Requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in the subpoena. Documents attached to each other consisting of multiple pages must not be separated.

6.  Documents are to be produced in their full and unredacted form; redacted Documents shall not constitute compliance with these Document Requests, unless such Documents are redacted pursuant to a claim of privilege, as set forth below.

EXHIBIT A TO SUBPOENA

7.     If You or Your counsel assert that any information responsive to any Document Request is privileged or otherwise protected from discovery, You are to comply with the requirements of Rule 26(b)5 of the Federal Rules of Civil Procedure as to each Document, thing, or piece of information for which a claim of privilege or protection from discovery is made:

1)     In asserting privilege or work product protection, You shall provide a privilege log and identify with specificity the basis for the privilege (including work product) that is being claimed;

2)     The following information shall also be provided in the privilege log:

a)  the type of Document or information,

b)  the general subject matter of the Document or information,

c)  the date of the Document or information, and

d)  such other information as is sufficient to identify the Document or information, including, where appropriate, the author, addressee, custodian, and any other recipient of the Document or information, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

8.     Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

9.     You may avail yourself of any protections offered by the Protective Order entered in this case.  A copy of the Protective Order is attached as Exhibits B.

///

///

EXHIBIT A TO SUBPOENA

## Document Requests

**Document Request No. 1:**

Documents sufficient to identify when You first became a Cerner customer.

**Document Request No. 2:**

Documents sufficient to identify what system Your were using for electronic health records and/or revenue cycle management before becoming a customer of Cerner.

**Document Request No. 3:**

Documents sufficient to identify all payments You made to Cerner between December 2003 and November 2017.

**Document Request No. 4:**

All correspondence exchanged between You and Cerner concerning Your on-boarding onto the PowerWorks platform.

**Document Request No. 5:**

All agreements between You and Cerner executed prior to November 2017.

**Document Request No. 6:**

All documentation provided by Cerner to You concerning CommunityWorks, PowerWorks, or Lights On Network.

**Document Request No. 7:**

Documents sufficient to show the primary and backup network communication channel(s) through which You accessed the PowerWorks platform between December 2011 and November 2017.

**Document Request No. 8:**

Documents sufficient to identify all computer-based clinical or administrative systems used by You between December 2011 and November 2017, where data from that system was sent to Cerner to be stored in the PowerWorks database, and all communications between You and Cerner Related to this arrangement.

**<u>Document Request No. 9:</u>**

Documents sufficient to identify Your policies regarding the use of computing and/or mobile devices to access CommunityWorks, PowerWorks, and/or the Lights On Network from outside of Your facilities between December 2011 and November 2017, including any Bring-Your-Own-Device (BYOD) policies, and documents sufficient to establish that such access occurred between December 2011 and November 2017.

**<u>Document Request No. 10:</u>**

Documents sufficient to identify Your policies regarding the use of computing and/or mobile devices to access CommunityWorks, PowerWorks, and/or the Lights On Network from inside of Your facilities between December 2011 and November 2017, including any Bring-Your-Own-Device (BYOD) policies, and documents sufficient to establish that such access occurred between December 2011 and November 2017.

**<u>Document Request No. 11:</u>**

Documents sufficient to identify all reports You generated using a Cerner product, platform, or application where such reports were used to manage and/or track You financial, clinical, and/or operational performance.

**<u>Document Request No. 12:</u>**

Documents sufficient to identify all Cerner solutions, *e.g.* PowerChart, PowerWorks EHR, PowerWorks PM, etc., You used as part of Your use of PowerWorks between December 2011 and November 2017.

**<u>Document Request No. 13:</u>**

Documents sufficient to identify all reports You received or viewed that came from Cerner between December 2011 and November 2017, and, in any way, reflected data from healthcare providers other than You.

**<u>Document Request No. 14:</u>**

Documents sufficient to identify all reports provided to You from the Lights On Network.

EXHIBIT A TO SUBPOENA

**<u>Document Request No. 15:</u>**

All correspondence exchanged with Cerner concerning the Your on-boarding onto the Lights On Network.

**<u>Document Request No. 16:</u>**

All documents relating to your consideration of the advantages or disadvantages of Cerner clinical or administrative products compared to clinical or administrative products from other providers.

**<u>Document Request No. 17:</u>**

All documents relating to or reflecting the reasons why You purchased or contracted for Cerner clinical or administrative products.

**<u>Document Request No. 18:</u>**

Copies of all advertisements or other promotional and marketing materials provided by Cerner.

**<u>Document Request No. 19:</u>**

All documents relating to any surveys, focus groups, studies, or other means of obtaining feedback relating to Cerner or Your electronic health records system.

**<u>Document Request No. 20:</u>**

All documents relating to your actual or contemplated use of Cerner clinical or administrative products to improve the Your financial performance.

**<u>Document Request No. 21:</u>**

All documents relating to the actual or potential impact of Cerner's clinical or administrative products have on Your financial performance, including documents containing models or projections of the financial benefits of using Cerner products.

**<u>Document Request No. 22:</u>**

All agreements between You and Cerner.

**<u>Document Request No. 23:</u>**

All Documents Your received from Cerner.

**<u>Document Request No. 24:</u>**

Documents sufficient to show the total amount, on an annual basis, You have paid to Cerner since 2003.

**<u>Document Request No. 25:</u>**

Documents sufficient to show all Cerner products, services, or applications used by You since 2003.

EXHIBIT A TO SUBPOENA

**Exhibit B**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERNER CORPORATION, <br><br> Defendant. | Case No.:  17-cv-2479-GPC-DEB <br><br> **ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER [DKT. NO. 60] AND ENTERING CONFIDENTIALITY AND PROTECTIVE ORDER** |

Before the Court is the parties Joint Motion for a Protective Order ("Protective Order" or "Order"). Dkt. No. 60. The Court GRANTS the Motion and ORDERS as follows:

**1.      Purposes and Limitations**

a.      All Protected Material (as defined below) shall be used solely for the above-captioned case in which they are produced and any related appellate proceedings, and not for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental

disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw or change the designation as appropriate and notify all Receiving Parties of such withdrawal or change.

**2.    Definitions**

a.    "Discovery Material" means all items or information, including from any Party or non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

b.    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated or (ii) materials that have been disseminated to the public or otherwise communicated to a third party without restriction; (iii) materials that the parties agree should not be designated Protected Materials; (iv) materials that the parties agree, or the Court rules, is already public knowledge; (v) materials that the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (vi) materials that have come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party.  Prior legitimate knowledge must be established by pre-production documentation.

c.    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and their support staffs.

d.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Order.  A non-party's use of this Order to protect its Protected Material does not entitle that non-party access to the Protected Material produced by any Party in the above-referenced cases.

e.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

f.      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, of counsel attorneys and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

g.      "Source Code" means documents containing or substantively disclosing confidential, proprietary, and/or trade secret source code, including computer code and associated comments, firmware, input files to automated code generators, scripts, assembly, binaries, object code, executable code, configuration files, and any other files that may be compiled, interpreted, and/or run by a computer to perform a computer function.

**3.      Computation of Time**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.      Scope**

a.      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that would reveal Protected Material.

3

b.     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

c.     Nothing in this Order shall preclude any Receiving Party from showing Protected Material to an individual who either prepared the Protected Material or who through lawful means has prior personal knowledge of the Protected Material.

d.     Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become disseminated to the public through no fault of the Receiving Party and without violation of this Order or other obligation to maintain confidentiality; (ii) that written records demonstrate was lawfully acquired by or previously known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

e.     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

f.     *Secure Storage, No Export*.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Absent written consent by the Producing Party, which will not be unreasonably withheld, Protected Material may not be exported outside the United States.  The Protected Material shall not be viewed from locations outside the United States.

g.     *Legal Advice Based on Protected Material*.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material except as provided in this Order.

### 5.    Duration

Even after Final Disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 6.    Designating Protected Material

a.    *Available Designations*.  Any Producing Party may designate Discovery Material with any of the following designations, provided that the Discovery Material meets the requirements for such designations as provided herein:  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

b.    *Written Discovery and Documents and Tangible Things*.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed CONFIDENTIAL – ATTORNEYS' EYES ONLY during the inspection and re-designated as appropriate during the copying process.  Source Code that is produced for inspection shall be presumed CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE during the inspection and re-designated as appropriate pursuant to Paragraphs 9 and 10.

17-cv-2479-GPC-DEB

c.  *Native Files*.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 11, the party printing the electronic files or documents shall affix a cover sheet to the printed document corresponding to the designation of the Designating Party and include the production number and designation associated with the native file.

d.  *Depositions and Testimony*.

i.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing: a Rule 30(b)(6) witness may be examined and may testify concerning all Protected Material which has been produced by the designating Party; a present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that Party; a former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Material of which he or she has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the

examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed for the entire time that the Protective Order is in effect as specified in Paragraph 5 above, and will not disclose Protected Material thereafter.  In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

ii.        Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.  Counsel shall exercise discretion in designating portions of a deposition under this Protective Order, and shall only designate those portions containing the disclosure of information properly entitled to protection under this Protective Order.  If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all

copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  This right of exclusion does not include the deponent, deponent's counsel, the reporter or videographer (if any).  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**7.** **Discovery Material Designated as "CONFIDENTIAL"**

a.   A Producing Party may only designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information and if the Producing Party has an articulable, good faith basis to believe that each document or other information designated as CONFIDENTIAL qualifies for protection under Federal Rule of Civil Procedure 26(c).

b.   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

i.         The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

ii.        Not more than three (3) in-house counsel of the Receiving Party on behalf of the Receiving Party and to whom disclosure is reasonably necessary for purposes of its litigation, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case.  Discovery Material designated as "CONFIDENTIAL" may only be provided to in-house counsel as described above

17-cv-2479-GPC-DEB

provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        iii.        Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

        iv.        Court reporters, stenographers and videographers retained to record testimony taken in this action;

        v.        The Court, jury, and court personnel;

        vi.        Graphics, translation, design, and/or non-technical trial or jury consulting personnel (not including mock jurors), having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        vii.        Mock jurors who have signed an undertaking or agreement agreeing not to disclose Protected Material and to keep any information concerning Protected Material confidential;

        viii.        Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

ix.        Any other person with the prior written consent of the Producing Party.

**8.    Discovery Material Designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

a.        A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is commercially confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party and if the Producing Party has an articulable, good faith basis to believe that each document or other information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY qualifies for protection under Federal Rule of Civil Procedure 26(c).  Documents marked OUTSIDE ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL EYES ONLY or OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be treated as if designated CONFIDENTIAL – ATTORNEYS' EYES ONLY.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

b.        Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the persons or entities listed in Paragraphs 7(b)(i), (iii)-(ix) subject to any terms set forth or incorporated therein and not any person or entity listed in Paragraph 7(b)(ii).  However, parties agree to meet and confer and negotiate on the disclosure of specific "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, or summaries thereof, on an as-needed basis to specific agreed-upon "Designated Persons" who have agreed to and

signed Exhibit A.   The parties agree that disclosures under this paragraph to such Designated Persons shall NOT make such Designated Persons subject to the Prosecution Bar identified and described in Paragraph 22 of this Protective Order.

**9.     Discovery Material Designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"**

a.     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.   All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use.   Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

b.     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below, and may be disclosed, subject to Paragraph 10 below, solely to the persons or entities listed in Paragraphs 7(b)(i), (iii)-(ix) subject to any terms set forth or incorporated therein, and not any person or entity listed in Paragraph 7(b)(ii).

Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.   No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation

**10.    Disclosure and Review of Source Code**

a.     Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as

11

provided for below. Any Source Code that is made available shall be made available for inspection in electronic format at a location mutually agreed to by the Parties. Source Code will be made available for inspection upon request until the close of discovery in the case to which it pertains, between the hours of 9 a.m. and 5 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

b.      Prior to the first inspection of any requested Source Code, the Receiving Party shall provide five (5) business days' notice of the Source Code that it wishes to inspect, and the Receiving Party shall provide two (2) business days' notice prior to any additional inspections, although the Parties will be reasonable in accommodating reasonable requests to conduct inspections with fewer days' notice.

c.      Source Code that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be made available for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

i.      All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a single secured, password-protected computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall make the Source Code available for inspection in a format allowing it to be reasonably reviewed and searched. The Producing Party shall install

Notepad++ on the Source Code Computer for viewing and searching the produced Source Code. The Receiving Party may request that the Producing Party install the Receiving Party's preferred software tools for viewing and searching the Source Code produced, on the Source Code Computer, and the Producing Party shall not unreasonably refuse a request to install such tools, provided that the request is not overly burdensome and does not compromise the security of the Source Code. The Receiving Party must provide the Producing Party with any licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have such software tools available for use on the Source Code Computer.

ii.   No recordable media or recordable devices, including without limitation sound recorders, computers, laptops, PDAs, smartphones, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. All persons entering the Source Code Review Room must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the room.

iii.   The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer or electronic device. Any notes relating to Source Code will be treated as the internal work product of the Party's outside counsel and/or experts.    Further, any notes left behind will be destroyed without review by the Producing Party.

iv.     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

v.     The Receiving Party may not remove from the room in which the Source Code is inspected any copies of all or any portion of the Source Code. Other than notes as set forth in Paragraph 10(c)(iii), no other written or electronic record of the Source Code is permitted.

vi.     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least three (3) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. Each person viewing Source Code shall, on each day they view Source Code, sign a log that will include the name of the person entering the Source Code Review Room, the time they entered and the time they departed. The Producing Party shall retain the log.

vii.     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

viii.    The Producing Party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth above. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. Within three (3) business days of collecting the printed portions of Source Code, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party in paper form including bates numbers and the label "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Receiving Party may print paper copies of a maximum of twenty (20) contiguous pages of Source Code and a reasonable number of total pages of Source Code, not to exceed three-hundred (300) total pages of Source Code irrespective of the total number of inspections performed by the

Receiving Party. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. The Receiving Party may request additional contiguous pages or total pages, and the Producing Party shall not refuse reasonable requests for additional contiguous pages or total pages. If the Producing Party objects to a request for additional contiguous pages or total pages or if the Producing Party objects that the printed portions are excessive and/or not done for a purpose, the Parties shall meet and confer via videoconference or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Producing Party will have ten (10) business days from the date of the meet and confer to seek relief from the Court. Failure by the Producing Party to seek relief from the Court within ten (10) business days shall automatically waive the Producing Party's objection.

   ix. Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer or transmit (including by e-mail) any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

   x. To the extent that a Receiving Party receives copies of Source Code pursuant to Paragraph 10(c)(viii) or by order of the Court, the Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. Upon five (5) day's advance notice to the Receiving Party by the

16

Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

xi.    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

xii.    For depositions, the Receiving Party may, in addition to the five copies allowed under subparagraph (x) above, create two copies to be used as an exhibit of any Source Code printed and/or copied in compliance with the terms of this Order. The Receiving Party may also notify the Producing Party at least ten (10) business days prior to the deposition that it desires to question the witness on the Source Code as a whole and, therefore, requests the Source Code Computer be made available to the witness at the deposition. Within three (3) days of such notice the Producing Party may object to providing the Source Code Computer during the deposition after which the Parties shall meet and confer to determine whether the Parties can reach agreement with respect to the Receiving Party's request. Absent such an agreement the Receiving Party may seek relief from the Court. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit, for example, by its production numbers. Absent written permission from the Producing Party, persons not permitted access to Source Code under the terms of this Order shall not be present at depositions while a Producing

Party's Source Code is discussed or otherwise disclosed (e.g., such persons must leave the room during these portions of the deposition).

xiii. Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. In such a circumstance, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of

the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

xiv. Any paper copies designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," any permitted electronic copies of Source Code, or any notes, analyses or descriptions of such paper or electronic copies of Source Code shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.

**11. Notice of Disclosure**

a. Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

i. the name of the Person;

ii. an up-to-date curriculum vitae of the Person;

iii. the present employer and title of the Person;

iv. an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, relating to the design, development, operation, or patenting of healthcare enterprise management systems;

v. an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest,

or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

vi.    a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

b.    The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

c.    Within five (5) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the five (5) business day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this five (5) business day period.  If the Producing Party objects to disclosure to the Person within such five (5) business day period, the Parties shall meet and confer via videoconference or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis, and there shall be no disclosure of Protected Material to the Person until the objection is resolved.  If the dispute is not resolved by the Parties through the meet and confer process, the Party objecting to the disclosure will have ten (10) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Material shall not be disclosed to the Person in question until the Court resolves the objection.

d.    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose

Protected Material in a way or ways that are inconsistent with the provisions contained in this Order.

e.     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and the Party disclosing the Person shall serve it on all Parties.

f.     An initial failure to object to a Person under this Paragraph 11 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.   If an objection is made, the Parties shall meet and confer via videoconference or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have ten (10) business days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to seek relief from the Court within ten (10) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

**12.     Challenging Designations of Protected Material**

a.     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b.     At any stage of the proceedings, any party may object to a designation of materials as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  The objecting party must notify outside counsel for the Producing Party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a

supervising attorney) must promptly meet and confer, pursuant to SDCA Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as designated until the Court has ruled on the objection or the matter has been otherwise resolved.

c. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**13.   Subpoenas or Court Orders**

a. If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**14.   Filing Protected Material**

a. Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

b. *This Protective Order does not entitle a party to file Protected Material information under seal.* No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. If a party other than the Producing Party seeks to file a document under seal, an application

to file a document under seal shall be served on counsel for the Producing Party, and on opposing counsel (if different from counsel for the Producing Party). If the application to file under seal a document designated as confidential is being made by the Receiving Party, then, upon request, the Producing Party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the Producing Party, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 15.  Inadvertent Disclosure of Privileged Material

a.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

b.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the Receiving Party. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party. Any electronic copies and any pages containing privileged material by the Receiving Party shall be destroyed and certified as such by the Receiving Party to the Producing Party.

17-cv-2479-GPC-DEB

c.   In the event a Producing Party recalls privileged information under this Paragraph, the Producing Party shall, within seven days, provide the Receiving Party with a description of the recalled privileged information in a manner consistent with the requirements of Rule 26(b)(5)(A).

**16.   Inadvertent Failure to Designate Properly**

a.   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within a reasonable time of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days of its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

b.   A Receiving Party shall not be in violation of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

**17.   Inadvertent Disclosure not Authorized by Order**

a.   In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with

knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b.      Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

c.      Nothing in this Paragraph 17 shall preclude the Producing Party from pursuing its available remedies for the improper disclosure of Protected Materials.

**18.    Final Disposition**

a.      Not later than ninety (90) days after the Final Disposition of this case, each entity or individual that has received Protected Material under this Protective Order shall return all Protected Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

b.      All entities or individuals that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Protected Material, outside counsel may retain one set of pleadings, court filings, written discovery responses, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

**19.    Discovery of Expert Materials**

a.      This modifies the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure and any other potentially applicable law governing the scope of discovery concerning documents or information created in connection with the case by or

17-cv-2479-GPC-DEB

on behalf of any witness whom a party (the "Sponsoring Party") expects to use to provide expert testimony at any hearing, deposition, or trial (a "Testifying Expert").

b.      Notwithstanding anything to the contrary in Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, except to the extent provided below, the following information (the "<u>Protected Information</u>") shall be considered attorney work product and shall not be the subject of discovery and no questions concerning their content or existence shall be permitted at any deposition, hearing, or trial in the case:

  i.      any (1) drafts or non-final versions of materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, or reports; (2) non-final programs, non-final calculations, non-final computations, or non-final data runs; and (3) notes, comments, or edits on or mark-ups to documents created or prepared by or for the Testifying Expert in connection with the case, or created or prepared in connection with the case and provided to the Testifying Expert, including any such materials prepared by (a) persons working under the Testifying Expert's supervision, including, but not limited to non-testifying experts or consultants, (b) the Sponsoring Party or its counsel, including agents and/or consultants of counsel, (c) other Testifying Experts and any persons working under the supervision of those Testifying Experts, or (d) other agents or consultants of the Sponsoring Party;

 ii.      materials or information reviewed or considered by the Testifying Expert, but not relied upon by the Testifying Expert, in forming any opinion; and,

iii.      any oral or written communication between or among the Testifying Expert (or persons supporting the Testifying Expert), and some or all of the persons listed below, and any documents, notes, or memoranda constituting or reflecting any such communication, except to the extent such documents or communications were relied upon by the Testifying

Expert: (i) any person working under the Testifying Expert's direction, (ii) the Sponsoring Party, including any agent or consultant of the Sponsoring Party, (iii) in-house or outside counsel for the Sponsoring Party, including personnel, agents, or consultants supporting the in-house or outside counsel, or (iv) non-testifying experts or consultants to the Sponsoring Party, including personnel supporting the non-testifying experts or consultants.

c.    The Parties, Testifying Experts, non-testifying experts and consultants, in-house or outside counsel for the Parties, and/or other agents of the Parties in the Action do not have any independent obligation under the terms of this protocol to retain Protected Information. Further, Protected Information as defined in the Expert Protocol need not be identified in a privilege log.

**20.    Miscellaneous**

a.    *Notices*. All notices required by this Protective Order are to be served on the attorney(s) for each Party listed in the caption.

b.    *Agreement to be Bound*. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Material obtained by that Party or its counsel prior to execution, even if prior to entry of this Order by the Court.

c.    *Privilege Logs*. No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of the original complaint in the above-referenced case. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties. Privilege logs will be made in accordance with Section VIII of Magistrate Judge Butcher's Civil Chamber Rules (Updated July 10, 2020).

d.    *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties

do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

e. *Termination of Matter and Retention of Jurisdiction.* The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction for 90 days after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

f. *Successors.* This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

g. *Right to Assert Other Objections.* By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

h. *Burdens of Proof.* Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

i. *Modification by Court.* This Order is subject to further Court order based upon public policy or other considerations, and the Court may modify this Protective Order in the interest of justice or for public policy reasons any time in these proceedings. The United States District Court for the Southern District of California is responsible for the

interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of California. In the event anyone shall violate or threaten to violate material terms of this Protective Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

j.    *Discovery Rules Remain Unchanged.* Nothing herein shall, absent a separate court order, alter, change, amend. or circumvent, in any way, the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders.

## 21.    Other Proceedings

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that this information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 22.    Prosecution Bar

a.    Any person who receives Protected Material from a Producing Party may not use that Protected Material in drafting claims for, or prosecuting, any patent application in the United States or abroad. If the Protected Material is designated CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, the person who receives the Protected Material from a Producing Party

may not participate directly or indirectly (*e.g.*, by consulting with or advising anyone directly involved) in drafting claims for, or prosecuting, or claiming inventorship in, any Subject Patent Area, defined below, within the Bar Period, also defined below—UNLESS that person is a "Designated Person" who has only received specific agreed-upon "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, or summaries thereof, under Paragraph 8.b. of this Protective Order.  A Designated Person shall not be subject to this Prosecution Bar on the basis of viewing those agreed-upon materials.

b.      For purposes of this order prosecution of any patent application shall include reissue and ex parte reexamination proceedings initiated by a patent owner, but shall not include any other post-grant proceedings, including *inter partes* review proceedings.  For Cerner, Subject Patent Area means any patent application directed to the subject matter of any Protected Materials produced by CliniComp in this litigation, or any patent application filed on behalf of Cerner or its employees.  For CliniComp, Subject Patent Area means any patent application directed to the subject matter of any Protected Materials produced by Cerner in this litigation, or any patent application filed on behalf of CliniComp or its employees.  The Bar Period is the period ending one year after final resolution by non-appealable judgment or complete settlement of all claims in this litigation.

c.      This bar shall not preclude the communication to counsel in a proceeding in any patent office of (a) non-confidential prior art to be provided to the PTO; (b) non-confidential court filings or orders; and (c) non-confidential objective factual information about this Civil Action.

**IT IS SO ORDERED**.

Dated:  October 22, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge

30

17-cv-2479-GPC-DEB

---

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in CliniComp International, Inc. v. Cerner Corp., United States District Court, Southern District of California, Civil Action No. 17-CV-02479-GPC-DEB.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

31

17-cv-2479-GPC-DEB

1

## PROOF OF SERVICE

2      I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is
3  695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626.

4      On September 29, 2022, I served true copies of the following document(s) described as **CLINICOMP'S NOTICE OF THIRD-PARTY SUBPONEA**
5  **TO EMORY HEALTHCARE** on the interested parties in this action as follows:

6

### SEE ATTACHED LIST

7

8 **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from SMcDonald@manatt.com, by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed with their address(es).
9 The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

10

11

12      I declare that I am a member of the bar of this Court.

13      Executed on September 29, 2022, at San Diego, California.

14

15               /s/ *Shawn E. McDonald*

16               Shawn E. McDonald

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 17-cv-2479-GPC-DEB

CLINICOMP'S NOTICE OF SUBPOENA TO EMORY HEALTHCARE

401671682.1

1

**SERVICE LIST**

2

3    ORRICK, HERRINGTON & SUTCLIFFE LLP
Jared Bobrow (jbobrow@orrick.com)
Benjamin Austin (baustin@orrick.com)
4    Jason Yu (jasonyu@orrick.com)
Diana Rutowski (drutowski@orrick.com)
5    1000 Marsh Road
Menlo Park, CA 94025-1015

6

7    ***Attorneys for Defendant Cerner Corporation***

8    SHOOK, HARDY & BACON, L.L.P.
Eva M. Weiler (eweiler@shb.com)
Ryan J. Williams (rjwilliams@shb.com)
9    5 Park Plaza, Suite 1600
Irvine, CA 92614
10    Telephone:  (949) 475-1500
Facsimile:  (949) 475-0016

11

12    ***Attorneys for Defendant Cerner Corporation***

13    SHOOK HARDY & BACON, L.L.P.
Robert H. Reckers (rreckers@shb.com)
Fiona A. Bell (fbell@shb.com)
14    600 Travis Street, Suite 3400
Houston, TX 77002-2926
15    Telephone:  (713) 227-8008
Facsimile:  (713) 227-9508

16

17    ***Attorneys for Defendant Cerner Corporation***

18    SHOOK HARDY & BACON, L.L.P.
Basil Trent Webb (bwebb@shb.com)
2555 Grand Boulevard
19    Kansas City, MO 64108
Telephone: (816) 474-6550
20    Facsimile: (816) 421-5547

21    ***Attorneys for Defendant Cerner Corporation***

22

23

24

25

26

27

28

Case No. 17-cv-2479-GPC-DEB
CLINICOMP'S NOTICE OF SUBPOENA TO EMORY HEALTHCARE

401671682.1