# Exhibit 5

# manatt

Shawn E. McDonald
Manatt, Phelps & Phillips, LLP
Direct Dial: (714) 371-9804
SMcDonald@manatt.com

August 5, 2022

Client Matter: 66320-060

*via* **email to fbell@shb.com**

Fiona A. Bell, Esq.
fbell@shb.com
Shook Hardy & Bacon, LLP
600 Travis St., Suite 3400
Houston, TX 77002

      Re:    *CliniComp Int'l Inc. v. Cerner Corp.*, Case No. 17-CV-2479-GPC-DEB

Dear Ms. Bell,

I write concerning Cerner's objections and responses to the requests in CliniComp's Second Set of Interrogatories and Second Set of Requests For Production. Cerner failed to adequately respond to CliniComp's requests; failed to produce any new documents; failed to identify any documents to support its reliance on FRCP 33(d); and failed to respond substantively to interrogatories 16-19. We address certain of Cerner's specific objections below.

**Cerner's Contracts (RFP Nos. 106-107, 111)**

CliniComp is agreeable to Cerner's producing a subset of contracts, provided that the set is sufficiently large and representative, and Cerner completes that production by August 15, 2022.

Attached to this letter as Appendix A (selected LightsOn Network customers), Appendix B (selected CommunityWorks customers), and Appendix C (selected PowerWorks customers) are lists of specific providers for which CliniComp requests Cerner's sales contracts. These selected provides are a very small subset of each group of such customers, given that Cerner has identified several thousand users of the accused products. For CommunityWorks and PowerWorks, CliniComp selected providers of various sizes, either according to the number of beds (for inpatient) or physicians (for outpatient). For LightsOn Network, CliniComp selected providers who are not named as CommunityWorks customers or PowerWorks customers in Appendix B or C.

In addition to those customers listed in Appendices A-C to this letter, CliniComp requests that Cerner produce twenty (20) agreements from providers who switched to CommunityWorks or PowerWorks multi-tenant service from a different (non-multi-tenant) Cerner EMR product during the damages period. Also, please produce the fully burdened profit-and-loss statements for CommunityWorks and PowerWorks, including those mentioned by Mr. Geis in his deposition testimony, including at page 244, lines 14-25.

695 Town Center Drive, Fourteenth Floor, Costa Mesa, California 92626 Telephone: 714.371.2500 Fax: 714.371.2550

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.
401469884.1

# manatt

August 5, 2022
Page 2

Please let me know promptly if this is agreeable to Cerner. In the event the parties can agree on a scope of production with respect to Cerner's agreements, CliniComp would be willing to narrow other discovery requests.

**Cerner Sales Data (Interrogatory No. 17, RFP Nos. 99, 101-105, 108-110, 112)**

Cerner has produced a single spreadsheet identifying "operating revenue" that Cerner attributes to CommunityWorks and PowerWorks. Cerner has not disclosed the *total* revenues received from users of the accused products, nor has Cerner disclosed how much revenue it earned from selling related products and services to users of the accused products.

CliniComp is entitled to a ***complete*** picture of the commercial relationship between Cerner and its customers for the accused services—not simply the portion which Cerner admits is accused. CliniComp needs Cerner's overall revenue to provide context for Cerner's disclosed "operating revenue," so CliniComp can assess the propriety of any offsets or deductions Cerner applied. Furthermore, Cerner's sales of services and bundled hardware/software potentially represent convoyed sales. *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385-86 (Fed. Cir. 2001) (affirming royalty based on both infringing and convoyed sales, stating "[t]he jury was entitled to rely on evidence of bundling and convoyed sales in determining the proper scope of the royalty base.") (citations omitted); *Biax Corp. v. Nvidia Corp.*, 271 F.R.D. 200, 206-07 (D. Colo. 2010) (permitting discovery regarding convoyed sales of games for the accused Playstation device);

Cerner's overbreadth and burden objections do not justify withholding this information, given that these RFPs seek only information that Cerner maintains in the ordinary course of business, as part of its accounting system of record.

**Cerner's Revenue Backlog (RFP No. 100)**

Cerner's annual reports, both before and after the damages period, note that Cerner ends each year with a multibillion-dollar revenue backlog, which "reflects contracted revenue that has not yet been recognized as revenue." Throughout the damages period, Cerner's backlogged revenue exceeded its reported revenue, totaling $17.5 billion by the end of 2017.

To the extent Cerner's backlog includes revenue from contracts executed during the damages period, that revenue is relevant to CliniComp's damages claims. CliniComp is due a royalty on all infringing sales during the damages period, regardless of whether the sale was paid for in installments. Regardless of whether such revenues can be included in the royalty base, the full economic value of Cerner's infringing sales is relevant to the multiple *Georgia-Pacific* factors.

Please confirm that Cerner will produce documents showing any backlogged revenue due from sales of the accused products that occurred during the damages period.

401469884.1

**manatt**

August 5, 2022
Page 3

**Federal Contract Bids** (Interrogatory No. 16, RFP No. 121)

Cerner cannot credibly deny the relevance of these requests, given that Cerner itself has requested documents related to competition generally—and competition for federal contracts specifically. (*See, e.g.,* Cerner's Third Set of RFPs, Nos. 66-69, 73-75 & 79-82.) Indeed, competition between the parties is one of the *Georgia-Pacific* factors, but CliniComp cannot fairly assess the extent of any direct competition because the federal bidding process is largely confidential. Accordingly, please confirm that Cerner will produce the requested documents.

**Cerner's Hypothetical Negotiation Contentions** (Interrogatory No. 19)

Cerner responded to a contention interrogatory with solely factual statements, without actually disclosing its contentions—*i.e.*, without identifying a specific date for the hypothetical negotiation. Cerner asserts that "PowerWorks was first offered for sale in 2005," but never takes a position on whether the hypothetical negotiation would have taken place in 2005. Nor can Cerner rely on Rule 33(d) to disclose its contentions. *See, e.g., Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); *see also Blast Motion, Inc. v. Zepp Labs, Inc.*, 2016 WL 5107677, at *1, 3-4 (S.D. Cal. Mar. 2, 2016). Please confirm that Cerner will supplement its response to this interrogatory to disclose its contentions regarding the timing of the hypothetical statement, and will do so by August 19, 2022.

Please let us know when you are available to meet and confer telephonically regarding these issues, during the week of August 8.

Sincerely,

 /s/ Shawn E. McDonald

Manatt, Phelps & Phillips, LLP

cc: Basil Webb (bwebb@shb.com)
 Kyle Friesen (kfriesen@shb.com)
 Robert Reckers (rreckers@shb.com)
 Jared Bobrow (jbobrow@orrick.com)
 Diana Rutowski (drutowski@orrick.com)
 Benjamin Austin (baustin@orrick.com)
 Jason Yu (jasonyu@orrick.com)

401469884.1