# Exhibit 6



October 18, 2022

**Via E-Mail (SMcDonald@manatt.com)**

Shawn E. McDonald
Manatt, Phelps & Phillips, LLP
695 Town Center Drive
Fourteenth Floor
Costa Mesa, CA 92626

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400
**orrick.com**

**Diana M. Rutowski**

**E** drutowski@orrick.com
**D** +1 650 614 7685
**F** +1 650 614 7401

Re:     ***CliniComp Int'l Inc. v. Cerner Corp.***, Case No. 17-CV-2479-GPC-DEB

Dear Mr. McDonald:

I write in response to your October 4 letter.

### I.        Financial Spreadsheets

As indicated in my September 27 letter, we are working on investigating other ways to provide a more detailed breakdown of PowerWorks revenue and are aiming to provide it by the end of next week.

### II.        Cerner's Contracts

We appreciate your cooperation and patience in seeking a resolution to this dispute and for providing suggested search terms as means of getting to a more manageable number of contracts.  To provide some context, the client has identified more than 100,000 contract documents for customers identified in the various appendices and your letters. We OCR'd the contracts and ran the search terms you identified in your October 4 letter across contracts dated during the damages period for the customers identified in your September 13 letter, which results in approximately 1,000 contracts.

While we continue to object to the relevance of these contracts, with your confirmation that this will resolve the parties' dispute over contracts, Cerner will agree to CliniComp's proposal and produce all approximately 1,000 or so contracts subject to a privilege screen.

### III.        "Convoyed Sales"

We maintain the position that CliniComp's requests have been vague and inconsistent, and that CliniComp has still failed to provide any persuasive authority to support its arguments related to convoyed sales.

Regarding CommunityWorks and PowerWorks, Cerner has already produced financial information beyond what is attributable to the accused multi-tenant delivery systems. For example, Cerner has taken



Shawn E. McDonald
October 18, 2022
Page 2

a broader approach in discovery and produced financial information related to line items such as hardware, software support, and other revenue not directly tied to the accused functionality. *See* Amended and Corrected Appendix B.  As mentioned in my prior letter, even though Cerner has produced this broader scope of information, it reserves the right to argue that many of these line items are not associated with the accused multi-tenant delivery model. Furthermore, Cerner is working to provide a more detailed breakdown for PowerWorks that will reflect more line items similar to what it produced for CommunityWorks, subject to the same reservation of right to argue that such information is not properly included in a damages calculation.  Thus, we see no disputed issue with respect to CommunityWorks or PowerWorks.

Regarding Lights On, your letter still fails to articulate how the authority cited in your previous letters supports the threshold position that any particular collateral sales of services, software, or equipment are "convoyed sales" of this free service *in the first place*.  As we've pointed out before, the cases CliniComp cited in its August 5 and September 13 letters either did not discuss what constitutes a convoyed sale, were a clear-cut application of convoyed sales to accessory products, or both.  For example, in *Interactive Pictures Corp. v. Infinite Pictures*, Inc., the issue before the Federal Circuit was whether it was appropriate that the jury relied on convoyed sales for both the royalty base and the royalty rate, not whether evidence of convoyed sales was appropriate in the first instance.  274 F.3d 1371 (Fed. Cir. 2001). In *Biax Corp. v. Nvidia Corp.*, the Court allowed discovery on convoyed sales, but at issue was a clear-cut application of the doctrine to video games where the accused products were video game consoles, which is not comparable to the present situation. 271 F.R.D. 200 (D. Colo. 2010) (allowing discovery on financial information for video games where the accused products were video game consoles). The additional case cited in your September 13 letter, *Deflecto, LLC v. Dundad * Jafine Inc.*, fares no better because it was another more clear-cut application of the convoyed sales doctrine to accessory products sold with an accused exhaust vent, where the issue was not whether convoyed sales discovery was appropriate, but rather whether convoyed sales evidence should be excluded from trial. 2015 WL 9413148, *6 (W.D. Mo. 2015). CliniComp has cited no authority to support the argument that sales of non-accused products and services can be convoyed sales to a free tool or feature that happens to be bundled for customer convenience.

On this point, Cerner's authority is persuasive and relevant as to why CliniComp is not entitled to what it is calling "convoyed sales" information. In each of the cases Cerner cited, the court found that the patentee could not bring in non-accused services as convoyed sales to get broader discovery. *SPH Am., LLC v. Research in Motion, Ltd.*, No. 13-2320, 2016 WL 6304510, at *2 (S.D. Cal. June 30, 2016) (holding that plaintiff was improperly using discovery to compel production of information for non-accused products based on industry standards that were shared by the accused products); *Largan Precision Co. v. Samsung Elecs. Co.*, No. 13-2740, 2015 WL 1522366, at *4 (S.D. Cal. Apr. 3, 2015) (denying plaintiff's requests for information about products that used any one of the lenses included in the accused assemblies as beyond the scope and irrelevant to the accused lens assemblies); *Invensas Corp. v.*



Shawn E. McDonald
October 18, 2022
Page 3

*Renesas Elecs. Corp.*, No. 11-448, 2013 WL 12146531, at *3 (D. Del. May 8, 2013) (denying plaintiff's motion to compel sales information for entire product line because plaintiffs failed to identify the relevance of the broader product line information to the damages theory, which is required for convoyed sales discovery).  Similarly, CliniComp is trying to use discovery to get information about a broader product line outside the scope of the accused products because the free analytics tool Lights On happens to be offered to customers of non-accused products.

If CliniComp can provide any case law and factual support that it is entitled to discovery on any particular paid service because it has accused the free Lights On analytics tool, Cerner will consider it, but it has not done so to date.

Sincerely,

*/s/ Diana M. Rutowski*

Diana M. Rutowski