Ryan J. Williams (SBN 228925)
rjwilliams@shb.com
SHOOK, HARDY & BACON LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: 949 475-1500
Facsimile: 949 475-0016

B. Trent Webb
Missouri Bar No. 40778 (pro hac vice)
bwebb@shb.com
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816 474-6550
Facsimile: 816 421-5547

Jared Bobrow (SBN 133712)
jbobrow@orrick.com
Diana M. Rutowski (SBN 233878)
drutowski@orrick.com
Jason K. Yu (SBN 274215)
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650 614-7400
Facsimile: 650 614-7401

Robert H. Reckers
Texas Bar No. 24039520
(pro hac vice) rreckers@shb.com
Fiona A. Bell
Texas Bar No. 24052288
(pro hac vice) fbell@shb.com
Sharon A. Israel
Texas Bar No. 00789394
(pro hac vice) sisrael@shb.com
Kyle E. Friesen
Texas Bar No. 24061954
(pro hac vice) kfriesen@shb.com
SHOOK, HARDY & BACON LLP
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: 713 227-8008
Facsimile: 713 227-9508

Attorneys for Defendant,
CERNER CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>CERNER CORPORATION,<br><br>            Defendant. | Case No. 3:17-CV-02479-GPC-DEB<br><br>**DEFENDANT CERNER CORPORATION'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES (DKT. 133)**<br><br>**REDACTED FOR PUBLIC FILING** |

# <u>TABLE OF CONTENTS</u>

I. INTRODUCTION.................................................................................................... 1

II.  CERNER SHOULD BE AWARDED ITS ATTORNEYS' FEES UNDER THE
      LODESTAR METHODOLOGY ....................................................................... 1

A.  Orrick's Hourly Rates Are Reasonable.............................................................2

**1.** The Billed Rates Reflect Orrick's Usual Market Rates Discounted by ███
    Percent .................................................................................... ..4

**2.** Cerner Has Paid Orrick's Rates ........................................................5

**3.** Comparable and Higher Rates Are Routinely Deemed Reasonable In Other
    Cases ..................................................................................................5

B.  The Hours That Orrick Billed Are Reasonable.................................................9

III. CONCLUSION ................................................................................................ 11

1

### <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**Cases**

3

4    *In re Am. Apparel, Inc. S'holder Litig.*,
5        No. CV 10-06352 MMM, 2014 WL 10212865 (C.D. Cal. July 28,
         2014) ...................................................................................................9

6    *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
7        No. 10 Civ.1853(PGG), 2011 WL 1002439 (S.D.N.Y. Mar. 16,
8        2011) ...................................................................................................4

9    *Bayer CropScience AG v. Dow Agrosciences LLC*,
         No. 12-256, 2015 WL 5772219 (D. Del. June 18, 2015)....................4
10
     *Bayer CropScience AG v. Dow AgroSciences LLC*,
11       No. 12-256 (RMB/JS), 2015 WL 108415 (D. Del. Jan. 5, 2015) .......4

12   *Blum v. Stenson*,
13       465 U.S. 886 (1984) ...........................................................................3

14   *Cairns v. Franklin Mint Co.*,
15       292 F.3d 1139 (9th Cir. 2002)............................................................1

16   *Chalmers v. City of Los Angeles*,
17       796 F.2d 1205 (9th Cir. 1986).............................................................3

18   *Facebook, Inc. v. Power Ventures, Inc.*,
19       No. 08-CV-05780-LHK, 2017 WL 3394754 (N.D. Cal. Aug. 8,
         2017)...................................................................................................4

20
     *Gates v. Deukmejian*,
21       987 F.2d 1392 (9th Cir. 1992).............................................................7

22   *Herring Networks, Inc. v. Maddow*,
23       No. 3:19-cv-1713-BAS-AHG, 2021 WL 409724 (S.D. Cal. Feb. 5,
         2021) ...................................................................................................6
24
     *Holt v. Kormann*,
25       No. SACV 11-01047 DOC (MLGx), 2012 WL 5829864 (C.D. Cal.
26       Nov. 15, 2012) ....................................................................................9

27

28

*Human Rights Defense Ctr. v. Cty. of Napa*,
    No. 20-CV-01296-JCS, 2021 WL 1176640 (N.D. Cal. Mar. 28,
    2021) ................................................................................................. 1, 8

*In re Illumina, Inc. Sec. Litig.*,
    No. 3:16-CV-3044-L-MSB, 2021 WL 1017295 (S.D. Cal. Mar. 17,
    2021) ...................................................................................................... 6

*Lakim Indus., Inc. v. Linzer Prods. Corp.*,
    No. 2:12-04976 ODW(JEMx), 2013 WL 1767799 (C.D. Cal. Apr.
    24, 2013) ................................................................................................. 3

*LG Corp. v. Huang Xiaowen*,
    No. 16-CV-1162 JLS (NLS), 2017 WL 3877741 (S.D. Cal. Sept. 5,
    2017) ...................................................................................................... 6

*Lightbourne v. Printroom Inc.*,
    No. SACV 13-876-JLS (RNBx), 2015 WL 12732457 (C.D. Cal.
    Dec. 10, 2015) ................................................................................. 1, 3, 5

*Makaeff v. Trump Univ., LLC*,
    No. 10cv1940 GPC (WVG), 2015 WL 1579000 (S.D. Cal. Apr. 9,
    2015) ...................................................................................................... 7

*Maloney v. T3Media, Inc.*,
    No. CV 14-5048-AB, 2015 WL 3879634 (C.D. Cal. May 27, 2015) ......... *passim*

*Moore v. James H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ............................................................... 3, 4

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) .................................................................. 2

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
    No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300 (S.D. Cal. Mar.
    20, 2020) .............................................................................................. 6, 7

*Orthopaedic Hosp. v. Encore Med., L.P.*,
    No. 3:19-cv-00970-LJS-AHG, 2021 WL 5449041 (S.D. Cal. Nov.
    19, 2021) .............................................................................................. 2, 6

*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05CV1958-B (BLM), 2007 WL 9677112 (S.D. Cal. Oct. 29,
    2007) ...................................................................................................... 6

CERNER'S REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) .......................................................... 2, 3

*Van Skike v. Dir., Office of Workers' Comp. Programs*,
557 F.3d 1041 (9th Cir. 2009) ........................................................... 3

*Vasquez v. Kraft Heinz Foods Co.*,
No. 3:16-CV-2749-WQH-BLM, 2020 WL 1550234 (S.D. Cal. Apr.
1, 2020) ................................................................................................ 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods
Liability Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834
(N.D. Cal. Mar. 17, 2017) ................................................................. 8

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) ............................................................ 3

*Wit v. United Behavioral Health*,
578 F. Supp. 3d 1060 (N.D. Cal. Jan. 5, 2022) ................................. 8

*Wright v. Tehachapi Unified Sch. Dist.*,
743 F. App'x 125 (9th Cir. 2018) ...................................................... 7

*Yufa v. TSI Inc.*,
No. 09-cv-01315-KAW, 2014 WL 4071902 (N.D. Cal. Aug. 14,
2014) .................................................................................................... 4

*Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*,
No. 10-CV-0541-GPC (WVG), 2014 WL 6851612 (S.D. Cal. Dec.
3, 2014) ................................................................................................ 6

**Statutes**

35 U.S.C. § 285 ......................................................................................... 1

**Other Authorities**

Federal Rule of Civil Procedure 54(d)(2)(B)(iii) .................................... 1

https://www.manatt.com/insights/press-releases/2020/manatt-adds-
duo-of-elite-patent-litigators-to-nati .............................................. 8

1

**I.    INTRODUCTION**

2

3      On February 3, 2023, this Court granted Defendant Cerner Corporation's

4    motion for attorney's fees pursuant to 35 U.S.C. § 285, found this case to be

5    "exceptional," and awarded Cerner its reasonable attorneys' fees incurred since

6    August 29, 2022.  Dkt. No. 133 at 23.  The Court ordered that "Cerner must file a

7    request for its fees and expenses incurred since August 29, 2022, by February 24,

8    2023."  *Id*.  Cerner accordingly submits this request for $766,474.80 in attorneys'

9    fees incurred since August 29, 2022.  *See* Declaration of Jared Bobrow ("Bobrow

10   Decl.") ¶ 15.[1]

11

**II.   CERNER SHOULD BE AWARDED ITS ATTORNEYS' FEES UNDER
THE LODESTAR METHODOLOGY**

12      California federal courts generally employ the lodestar methodology to

13   determine the reasonableness of an attorneys' fee award.  *See, e.g., Human Rights

14   Defense Ctr. v. Cty. of Napa*, No. 20-CV-01296-JCS, 2021 WL 1176640 at *8

15   (N.D. Cal. Mar. 28, 2021); *Lightbourne v. Printroom Inc.*, SACV 13-876-JLS

16   (RNBx), 2015 WL 12732457, at *2 (C.D. Cal. Dec. 10, 2015); *Maloney v.

17   T3Media, Inc.*, No. CV 14-5048-AB (VBKx), 2015 WL 3879634, at *3 (C.D. Cal.

18   May 27, 2015).  District courts determine the presumptive lodestar figure by

19   multiplying "the number of hours reasonably expended on the litigation" by "a

20   reasonable hourly rate."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th

21   Cir. 2002).  Once the party seeking fees presents such a figure, the burden shifts to

22   the opposing party to prove the unreasonableness of the fee award.  *See Maloney*,

23   2015 WL 3879634 at *4.  "[H]ours actually expended in the litigation are not to be

24

25

26

27

28

---

[1] The Court noted that pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(iii), Cerner estimated that the amount of fees sought by its motion for attorney's fees is "approximately $925,000."  *Id*. at 5.  In its motion for attorneys' fees, Cerner had sought fees dating back to July 28, 2022.  This request covers the portion of the estimated fees incurred since August 29, 2022 through January 31, 2023 per the Court's order.  As it has not yet received a bill for February time, Cerner intends to supplement its Request in connection with its reply brief.

disallowed without a supporting rationale." *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 3:19-cv-00970-LJS-AHG, 2021 WL 5449041, at *12–14 (S.D. Cal. Nov. 19, 2021) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Maloney*, 2015 WL 3879634 at *4 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008)). "A fee award is not unreasonable simply because it involves a lot of money. The operative question is not the dollar amount, but whether the rates charged and the hours spent are reasonable in light of the totality of the litigation." *Id.* at *10.

### A.      Orrick's Hourly Rates Are Reasonable.

Orrick's undiscounted hourly rates in 2022 range from $1,030 to $1,750 for partners; $610 to $1,025 for associates; and $235 to $530 for paralegals. Bobrow Decl. ¶ 8. Orrick's hourly rates are informed by the market and the rates of peer firms. *Id.* Here, however, Cerner had the benefit of a negotiated ▮▮▮ discount off of Orrick's standard billing rates, which significantly reduced the rates that Cerner paid. *Id.* ¶ 9. Specifically, the rates of the timekeepers assigned to this matter for which Cerner seeks reimbursement are as follows:

| Timekeeper | Position | Years of Practice | Undiscounted Rate | Discounted Rate |
|---|---|---|---|---|
| Jared Bobrow | Partner | 34 | $1,465 | ▮▮▮ |
| Diana Rutowski | Partner | 18 | $1,120 | ▮▮▮ |
| Jason Yu | Partner | 13 | $1,055 | ▮▮▮ |
| Ben Austin | Associate | 4 | $805 | ▮▮▮ |
| Amanda Schwartz | Associate | 1 | $610 | ▮▮▮ |

| Matthew Bonini | Paralegal/ Analyst | 29 | $495 | | █ | |
| Katri Lahtinen | Paralegal | 11 | $420 | | █ | |
| Miwako Burleigh | Paralegal | 23 | $415 | | █ | |

Bobrow Decl. ¶ 28.

In determining reasonable rates for the lodestar methodology, California courts look to the prevailing market rates for similar services by "attorneys of comparable skill, experience, and reputation" in the relevant community, which is the forum in which the district court sits. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). A number of factors can enter into this analysis. The fact that a billing rate is the usual rate the attorney charges is evidence that the rate is comparable to market rates. *See, e.g.*, *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 40 (9th Cir. 1982); *Maloney,* 2015 WL 3879634 at * 5. In determining the reasonableness of hourly rates, courts will also consider whether the attorney charged discounted rates and/or whether the clients actually paid the rates sought. *See Lightbourne*, 2015 WL 12732457, at *3; *Maloney,* 2015 WL 3879634 at *5. Courts may also determine the reasonableness of attorneys' hourly rates through case law reflecting that comparable rates were deemed to be reasonable. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.")); *see also Lakim Indus., Inc. v. Linzer Prods. Corp.*, No. 2:12-04976 ODW(JEMx), 2013 WL 1767799, at *8 (C.D. Cal. Apr. 24, 2013) (case law can demonstrate that a firm's rates are reasonable).

Here, each of these factors evidences the reasonableness of Orrick's hourly

rates in connection with this complex patent litigation.

1.   **The Billed Rates Reflect Orrick's Usual Market Rates Discounted by ▮▮▮ Percent**

Orrick is an international law firm with deep expertise and established success in intellectual property and technology litigation, including patent litigation, which allows it to command a certain rate for its attorneys.  *See* Bobrow Decl. ¶¶ 5-7.  Courts recognize that intellectual property work requires specialized knowledge.  *See, e.g.*, *Yufa v. TSI Inc.*, No. 09-cv-01315-KAW, 2014 WL 4071902, at *5 (N.D. Cal. Aug. 14, 2014).  Accordingly, Orrick sets hourly rates for its specialized intellectual property litigators that are informed by prevailing market rates and the rates of comparable peer firms.   Bobrow Decl. ¶¶ 5-8; *see also Maloney*, 2015 WL 3879634, at *5 (finding 'the actual rate that [the attorney] can command in the market is itself highly relevant proof of the prevailing community rate"); *Moore*, 682 F.2d at 840 ("Unless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate.").  Other district courts have routinely awarded attorneys' fees to Orrick clients at Orrick's rates, recognizing that the firm's rates are reasonable in light of its lawyers' skills, reputation, experience, and the work performed.[2]

---

[2] *See, e.g., Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *7 (N.D. Cal. Aug. 8, 2017) (approving Orrick's rates as reasonable where the prevailing market rate for partners ranged from $470 to $1,200 per hour; $275 to $800 for associates; and $190 to $430 for paralegals); *see also Bayer CropScience AG v. Dow AgroSciences LLC*, No. 12-256 (RMB/JS), 2015 WL 108415, at *9 (D. Del. Jan. 5, 2015) (awarding nearly $6 million in fees in light of "the ferocity of this litigation"), *report and recommendation adopted in part*, No. 12-256, 2015 WL 1197436 (D. Del. Mar. 13, 2015), *aff'd*, 851 F.3d 1302 (Fed. Cir. 2017); *Bayer CropScience AG v. Dow Agrosciences LLC*, No. 12-256, 2015 WL 5772219, at *4 (D. Del. June 18, 2015) (confirming award of nearly $6 million in fees because Orrick's "conduct was more than reasonable"); *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 Civ.1853(PGG), 2011 WL 1002439, at *5

1   Nevertheless, Orrick provided Cerner the benefit of discounts on the firm's

2   standard billing rates—specifically, a ███ discount off all timekeeper rates.  *See*

3   Bobrow Decl. ¶ 9; *see also Lightbourne*, 2015 WL 12734257, at *3 (finding hourly

4   rates reasonable because, among other things, the client received a 15% percent

5   discount from the law firm's standard rates).  In total, this discount and time write

6   offs resulted in a ██████ discount to Cerner for time billed between August

7   29, 2022 and January 31, 2023.  *See* Bobrow Decl. ¶ 17.  Orrick's discounted rates

8   are more than reasonable.

9   <center>**2.      Cerner Has Paid Orrick's Rates**</center>

10   The reasonableness of Orrick's rates is further evidenced by the fact that

11   Cerner has paid, and continues to pay, the invoices reflecting Orrick's effective

12   billing rates.  *See* Bobrow Decl. ¶ 11; *see also Maloney*, 2015 WL 3879634, at *5

13   ("[T]he fact that Defendant paid the rates for which they now seek reimbursement"

14   evidences the reasonableness of the rates charged.).  Indeed, Oracle, which

15   completed its acquisition of Cerner in 2022, has been an Orrick client for more than

16   three decades, paying Orrick's billing rates since 1990.  *See* Bobrow Decl. ¶ 3.  Mr.

17   Bobrow himself has worked for Oracle for the last ten years, both while at Orrick

18   and at his prior firm, Weil, Gotshal & Manges LLP.  *Id.*

19   <center>**3.      Comparable and Higher Rates Are Routinely Deemed Reasonable In Other Cases**</center>

20

21   Orrick's negotiated billing rates are in-line with the rates that other firms

22   have charged and been awarded in complex and patent litigation in the relevant

23   community.  The patent-in-suit involved technology related to electronic healthcare

24   management systems.  Accordingly, this litigation required counsel with both (1)

25   technical knowledge and (2) expertise with the unique procedural and substantive

26   issues associated with patent litigation.  Orrick's fees are consistent with those of

27

28   (S.D.N.Y. Mar. 16, 2011) (finding Orrick's rates reasonable), *aff'd*, 483 F. App'x 634 (2d Cir. 2012).

<center>- 5 -</center>

national law firms in similarly complex litigation, and patent litigation specifically, that have been approved in the Southern District of California. *See Orthopaedic Hosp.*, 2021 WL 5449041, at *14 (approving Quinn Emanuel hourly rates of up to $1,260 for partners and $1,065 for associates in 2021); *Herring Networks, Inc. v. Maddow*, No. 3:19-cv-1713-BAS-AHG, 2021 WL 409724, at *5, *7 (S.D. Cal. Feb. 5, 2021) (approving hourly rates of $1,150 and $1,050 for two partners at Gibson, Dunn & Crutcher LLP and rates of up to $720 for associates); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (approving a Winston & Strawn partner's billing rate of $1,005 per hour and other attorneys' rates of $860 and $885 per hour, and collecting cases from this district to support these rates "at large national law firms like Winston & Strawn in complex high stakes patent litigation in this district"); *In re Illumina, Inc. Sec. Litig.*, No. 3:16-CV-3044-L-MSB, 2021 WL 1017295, at *7 (S.D. Cal. Mar. 17, 2021) (finding hourly rates charged of $850 to $1025 for partners and $350 to $650 for associates reasonable); *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1958-B (BLM), 2007 WL 9677112, at *4 (S.D. Cal. Oct. 29, 2007), *report and recommendation adopted*, No. 05-CV-1958RMB (BLM), 2007 WL 4351017 (S.D. Cal. Dec. 11, 2007) (finding hourly rates billed for partners in patent litigation fifteen years ago in 2007 from $750 to $850 reasonable and "well below the $1,000 per hour or more charged by other preeminent attorneys in the national arena"); *LG Corp. v. Huang Xiaowen*, No. 16-CV-1162 JLS (NLS), 2017 WL 3877741, at *3 (S.D. Cal. Sept. 5, 2017) (finding hourly rates from $130 to $890 in 2017 reasonable in a Lanham Act case and in line with other cases in this district approving similar fee requests by peer law firms); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC (WVG), 2014 WL 6851612, at *5 (S.D. Cal. Dec. 3, 2014) (finding rates reasonable where plaintiffs sought "an hourly rate of between $170 per hour and $895 per hour depending on the particular attorney or paralegal" for work by a "multi-state/national law firm"); *Vasquez v.*

*Kraft Heinz Foods Co.*, No. 3:16-CV-2749-WQH-BLM, 2020 WL 1550234, at *7 (S.D. Cal. Apr. 1, 2020) (finding hourly rates for attorneys ranging from $325 to $900 reasonable); *Makaeff v. Trump Univ., LLC*, No. 10cv1940 GPC (WVG), 2015 WL 1579000, at *5-6, 2015 U.S. Dist. LEXIS 46749, at *17 (S.D. Cal. Apr. 9, 2015) (finding hourly rates ranging from $250 to $825 reasonable).

The reasonableness of Orrick's rates is further supported by rates charged by national firms for complex litigation, including patent litigation, outside this district.  A court may "look outside the forum when the relevant community lacks attorneys with 'the degree of experience, expertise, or specialization required to handle properly the case.'" *Wright v. Tehachapi Unified Sch. Dist.*, 743 F. App'x 125, 126 (9th Cir. 2018) (finding that the district court did not abuse its discretion in calculating the lodestar using hourly rates from the Central District of California); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (approving San Francisco attorney rates for Sacramento case because attorneys and law firms had the requisite expertise and experience to handle the type of complex litigation at issue).  A report of firms that have represented patent defendants in this district since 2018 includes largely global firms and firms with specialized intellectual property attorneys.  Bobrow Decl. ¶ 30, Ex. 2.   And as this Court has recognized, "large national law firms … do not charge different rates based on the jurisdiction in which a complex patent lawsuit is filed."  *NuVasive*, 2020 WL 6876300, at *3 n. 1.

The American Intellectual Property Law Association's 2019 and 2021 Report of the Economic Surveys ("AIPLA Surveys"), which list the average billing rates for intellectual property lawyers at firms in various regions of California in 2018 and 2020 respectively, show that the 2022 rates paid by Cerner in this matter were within the ranges of partner and associate billing rates for attorneys at law firms in California.  Bobrow Decl. ¶ 31, Exs. 3 & 4.  And since billing rates tend to go up each year, the 2019 and 2021 AIPLA Surveys likely reflect lower numbers than

2022 rates.  Indeed, the plaintiff here, CliniComp, hired counsel (specialized

intellectual property litigators) outside this district in Los Angeles.  Specifically,

CliniComp's counsel Amar Thakur and Bruce Zisser were at Quinn Emanuel's Los

Angeles office when they filed CliniComp's complaint in 2017.  *See* Dkt. 1.[3]

Quinn Emanuel's 2022 rates for attorneys were reported to range as high as $2,130

and its paralegal rates are as high as $670.  Bobrow Decl. ¶ 32, Ex. 5.   Messrs.

Thakur and Zisser moved from Quinn Emanuel to the Los Angeles office of

Manatt, Phelps & Phillips, LLP in 2020, which has disclosed comparable partner

rates of $1,175 per hour in a public filing.  *Id*., Ex. 6.

Finally, Courts in the Bay Area, where Cerner's lead counsel is based,

routinely find fees commensurate or higher than Orrick's to be reasonable.  *See,

e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods Liability

Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17,

2017) (approving as reasonable 2017 hourly rates from $275 to $1,600 for partners,

$150 to $790 for associates, and $80 to $490 for paralegals); *Wit v. United

Behavioral Health*, 578 F. Supp. 3d 1060 (N.D. Cal. Jan. 5, 2022) (finding 2020

hourly rates up to $1,145 for partners, $650 for associates, and $370 for paralegals

reasonable); *Human Rights Defense Ctr.*, 2021 WL 1176640, *11-13 (finding fee

award for a small firm based on hourly rates of $950-$1,100 for partners, $625-650

for senior and general counsels, and $128-$350 for paralegals as reasonable).

The hourly rates charged in this case are further justified by the team's

credentials and the favorable result—summary judgment of non-infringement—

achieved in this case.  Dkt. No. 120.  Accordingly, the Court should recognize

Orrick's rates as reasonable.

---

[3] Amar Thakur and Bruce Zisser later moved to Manatt Phelps in 2020.  *See* https://www.manatt.com/insights/press-releases/2020/manatt-adds-duo-of-elite-patent-litigators-to-nati.

1

### B.    The Hours That Orrick Billed Are Reasonable

2

The core Orrick team for this case was leanly staffed and primarily limited to

3

three partners, each with a different role; a mid-level associate; a junior associate;

4

and three paralegals.  *See* Bobrow Decl. ¶¶ 18-29.  Given the complexity of the

5

factual and legal issues in this case, it is wholly reasonable for Cerner "to staff the

6

case with several attorneys." *In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-

7

06352 MMM (JCGx), 2014 WL 10212865, at *26 (C.D. Cal. July 28, 2014); *see*

8

*also Holt v. Kormann*, No. SACV 11-01047 DOC (MLGx), 2012 WL 5829864, at

9

*6 (C.D. Cal. Nov. 15, 2012) ("typically, an attorney's sworn testimony that, in

10

fact, he took the time claimed . . . is evidence of considerable weight on the issue of

11

the time required") (internal quotation marks omitted).

12

The hours were particularly reasonable in light of the relentless litigation

13

tactics pursued by CliniComp.  After serving its final infringement contentions on

14

August 29, 2022, and despite the unfavorable claim construction ruling it received

15

from the Court, CliniComp aggressively sought additional discovery, even after the

16

deadline for substantial completion of document discovery had passed in June.  For

17

example, CliniComp:

18

19

- served twelve additional subpoenas on Cerner's customers across the country, each with more than twenty cumbersome document requests;

20

21

22

- took an additional deposition and noticed three more, including a 30(b)(6) notice with more than 50 topics, requiring Cerner to spend time and resources preparing numerous additional witnesses;

23

24

- conducted days of further in-person review of Cerner's source code with its expert;

25

26

- propounded two more sets of interrogatories, more than thirty additional requests for production, and requests for admission;

27

28

- reinitiated meet and confer efforts over discovery it had served months earlier;

CERNER'S REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

- demanded Cerner's contracts with its customers, in response to which Cerner identified more than 100,000 contracts for review and potential production; and

- demanded Cerner's "overall" revenue and sales data, not just data related to the accused services, which placed a significant discovery burden on Cerner and forced Cerner to defend against a potential damages claim that encompassed its entire business.

Dkt. No. 124-02 (Rutowski Decl. in support of motion for attorneys' fees) ¶¶ 5-13, Exs. 2, 4-6.

Moreover, Cerner filed a motion for summary judgment on September 19, 2022 (Dkt. No. 99), nearly two months before the close of discovery on November 18, 2022 and more than six months before the April 10, 2023 deadline to file dispositive motions (Dkt. No. 95). By filing this motion early and achieving a case-dispositive order on summary judgment in November, Cerner ultimately saved the parties from months of fees that would have been incurred taking depositions, completing fact discovery, preparing expert reports, and taking expert depositions. The fees incurred by Cerner were necessary to bring the case to an early close.

Orrick follows strict time-keeping practices that require attorneys and paralegals billing to this case to bill in increments of one-tenth of an hour and proffer specific contemporaneous narratives detailing the activity for which they are billing. *See* Bobrow Decl. ¶¶ 10-14. In support of this Request, Cerner provides a spreadsheet containing excerpts from the billing records for Orrick's services rendered from August 30, 2022 through and including January 31, 2023 in connection with the defense of the lawsuit for which it seeks reimbursement, which includes the billed increments and specific narratives (redacted to preserve privilege). *Id.*, Ex. 1.[4] As discussed above, these excerpts of the billing records

---

[4] Orrick is prepared to provide an unredacted version to the Court for *in camera* upon request by the Court. As discussed above, with respect to time incurred after

1  reflect a discount and time write offs of ███████  *Id*. ¶ 17.  In addition, Cerner

2  is not seeking reimbursement for $29,172 in billed time related to matters such as

3  CliniComp's appeal and investigation into strategic options that Cerner decided not

4  to pursue.  *Id*. ¶ 16.  The detailed narratives that Cerner submits demonstrate that

5  the hours for which it seeks reimbursement were both necessary and reasonable in

6  light of the ongoing need to defend against CliniComp's litigation tactics and to

7  attain the favorable results that Cerner achieved in this case.

8  **III.  CONCLUSION**

9      Accordingly, Cerner respectfully requests an award of $766,474.80 in

10  attorneys' fees incurred since August 29, 2022.  *See* Bobrow Decl. ¶ 15.

11

12  Dated:  February 24, 2023          ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                                              By: _____/s/ Jared Bobrow_____

15                                                        Jared Bobrow
                                                          Attorneys for Defendant
16                                                        Cerner Corporation

17

18

19

20

21

22

23

24

25

26

27
_____
28  January 2023, which has not yet been billed, Orrick intends to supplement its
    Request with that additional billing information in connection with its reply brief.

CERNER'S REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

1

## **CERTIFICATE OF SERVICE**

2   I, the undersigned hereby certifies that I am over the age of eighteen years

3 and not a party to this action; that a true and correct copy of the above and

4 foregoing document has been served on February 24, 2023 to all counsel of record

5 who are deemed to have consented to electronic service via the Court's CM/ECF

6 system per Civil Local Rule 5.4.  Any other counsel of record will be served by

7 electronic mail, facsimile and/or overnight delivery.

8

9               */s/ Jared Bobrow*
               Jared Bobrow

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
CASE NO. 3:17-CV-02479-GPC-DEB